DOUMEING
*vs.*
HAYDEL, TUTOR,    It is, therefore, ordered, adjudged and decreed, that the
ETC.    judgment heretofore pronounced in this case be amended;
the stockholders  and that the plaintiffs be exonerated from the obligation of
of a bank, may
retain in their  paying into court the amount due them as stockholders,
hands the amount
due them, as a  according to the sums allowed them on the tableau; and
part of the stock-
holders who are  that the remaining parts of the said judgment remain undis-
to be paid.    turbed.

---

DOUMEING *vs.* HAYDEL, TUTOR, &c.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. JOHN
THE BAPTIST.

The provision of the Louisiana Code, article 2297, making the parents of
minors responsible for the damages done by their minor children while
under their care, is found under the head of *quasi* offences, and does
not relate to the contracts of minors, &c.

The plaintiff alleges, that in 1833 and 1834 he employed
one Lucien Troxler, a minor son then living with his mother,
and natural tutrix in the parish of St. John the Baptist, and
with his mother's consent, to sell goods on his account as a
hawker or pedler; and for this purpose furnished him with
a cart and two horses, and a stock of goods amounting to
seven thousand six hundred and seventy-two dollars; that
in the course of his trading, said Troxler only returned two
thousand five hundred and eighteen dollars, leaving a
balance due of upwards of five thousand dollars; and that he
has embezzled this sum and sold the horses and cart, and
appropriated the whole to his own use and squandered it
together, so that both him and his mother, who was then

his natural tutrix, have become liable for these sums and damages. That since incurring liability for these claims the mother has died, and that Antoine Haydel has been appointed tutor to the son.

He prays that the tutor, and also the administrator of Madame Troxler's succession be cited, and that judgment be rendered in his behalf for the amount of his claim.

The defendant pleaded a general denial; and that he was not liable, nor the estate of Madame Troxler, even if the facts stated were true, (which are denied) and that the plaintiff was alone to blame for employing a person of the youth and inexperience of the son, and was the cause of his falling into dissipated habits, &c.

Evidence was produced to show the embezzlement and loss of the plaintiff.

The judge of probates was of opinion no liability attached to the defendant or the succession of Madame Troxler, and gave judgment accordingly. The plaintiff appealed.

*J. Seghers,* for the plaintiff and appellant, contended that the defendants were liable, under the article 2297 of the Louisiana Code. This position is supported by the most eminent French commentators. See 11 *Toullier, No.* 271, 275, 278. 13 *Duranton, No.* 708, 709, 710, 714, 715, 716.

2. It is objected, that the article of the code, relied on to support the plaintiff's action, is found under the title of *quasi offences,* and does not apply. This objection cannot avail the party. The Court of Cassation, in France, in construing the Napoleon Code, pays no regard to the title or paragraph under which an article may be placed. For instance, it applied to *last wills and testaments,* the article 1157 which is found under the head of *contracts. 5 Toullier, No* 430. See also 1 *Martin, N. S.,* 79.

*Morphy* and *Grailhe,* contra.

1. Minors are not bound by contracts made in the course of trade, unless they be emancipated. *Louisiana Code,* 379, 1775, 1778, 1867 *and* 2222. 5 *Martin, N. S.,* 651. 3 *Ibid.,* 400.

EASTERN DIST.
May, 1336.
——————
DOUMEING
vs.
HAYDEL, TUTOR,
ETC.

2. The inexecution of a contract gives a right to damages *ex contractu* and not *ex quasi delicto.* *Quasi* offences are those by which an injury is done, independent of any agreement. *Louisiana Code,* 2294. 2 *Louisiana Reports,* 429. 3 *Ibid.,* 591. 11 *Toullier, page* 136.

*Martin J.,* delivered the opinion of the court.

In this case the plaintiff sues to recover from the minor, Lucien Troxler, and the succession of his deceased mother and late tutrix, the sum of five thousand one hundred and fifty-three dollars, alleged to have been embezzled by the minor son whilst in the employment of the plaintiff in selling goods as a pedler, with the knowledge of his mother.

The Court of Probates rejected the claim, and the plaintiff appealed.

The provision of the Louisiana Code, article 2297, making the parents of minors responsible for the damages done by their minor children, while under their care, is found under the head of *quasi* offences, and does not relate to the contracts of minors, &c.

The counsel for the appellant relies on a provision in the Louisiana Code, article 2297, which renders the mother (after the death of the father) responsible for the damage occasioned by her minor children, residing with her, &c.

This article is found in the code under the head of *quasi offences,* and it would be absurd to extend its interpretation and application to the contracts of minors.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.