MALONEY v. GOELZ

---

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)

---

Prowell, McBride & Ray, by Stanley W. Ray, of New Orleans, attorneys for plaintiff, appellant.

Walter S. Lewis, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff is engaged in the sale of automobiles. He sold to New Orleans Rent-A-Car Company a new Hudson car. The sale was made for part cash and, for the balance a note was given, which note was secured by a chattel mortgage. The Rent-A-Car Company rented the automobile to Albert Goelz, minor son of defendant. Through the negligence of Goelz the car was demolished. It is sought to hold defendant liable under R. C. C. 2318, which provides that:

"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.

"The same responsibility attaches to the tutors of minors."

Liability is denied on several grounds:

First, that at the time of the renting of the car and of the accident defendant and his minor son were not residing together.

Second, that the loss resulted from a breach of contract, rather than from a simple tort and that, therefore, the codal provision above quoted has no application.

Third, that the damage to the car was not the proximate cause of the loss sustained by the mortgagee, the proximate cause being the inability of the mortgagor to pay the debt.

Fourth, that at the time of the renting of the car a charge of twenty-five cents was made, in consideration for which liability for such loss was released.

Fifth, that the holder of a mortgage has no right to proceed directly against a tort-feasor who injures or destroys the property mortgaged.

In support of the first ground of defense, it has been conclusively shown that about three months before the catastrophe defendant had been locked out of his family domicile and had resided elsewhere until about three months after the accident, or for about six months in all.

It will be noted that the Codal provision is to the effect that liability of the father depends upon the residence of the minor. In Mullins vs. Blaise, 37 La. Ann. 92, a father sought to escape liability for the tort of a minor by showing that he (the father) was momentarily absent at the time of the accident. The Supreme Court held that momentary absence was not sufficient to relieve the father from liability, and in that case stated that our Code dif-

fered from the French Code in that under the French Code "parental responsibility attaches only in case the father 'shall not prove that he was unable to prevent the act which gave rise to the damage'." It would thus appear that the Supreme Court in the Mullins case intended to distinguish the French Codal provision from ours and to state that, whether or not the parent had it within his power to prevent the act is of no importance under our Code.

This Court, in Taylor vs. Doskey, 1 La. App. 399, said:

"An unemancipated minor, whose father is living, and who has not been apprenticed or placed in care of others, can have no legal residence other than that of his father."

This holding is directly in line with the provisions of Article 39, R.C.C., to the effect that "the domicile of a minor not emancipated is that of his father, mother or tutor * * *."

The question of the liability of the father who is not present has been many times discussed by our courts, which have always held that the Codal provision, making the parent liable for the torts of the minor, is in derogation of common right, and therefore should be strictly construed. Miller vs. Meche, 111 La. 143, 35 So. 491; Magavero vs. Centano, 6 Orleans App. 394. But the Supreme Court of this State, in Toca vs. Rojas, 152 La. 317, 93 So. 108, 111, seems to have settled once and for all the question of whether or not a parent who is not residing with the minor, though not separated from the other parent by some act of the law is thus relieved of liability under the Codal provision. That case involved a question of pleading. The plaintiff, who sought to hold the father liable, did not allege that the child resided with the father. The Supreme Court on first hearing held that it

was necessary to make such an allegation. However, a rehearing was granted, and on rehearing it was held that no such allegation was necessary, the court saying:

"It, therefore, being the law of the case that the minor, John Rojas, could have no other residence than that of his father that residence continued until changed in some manner provided by law. If, as a matter of fact, there had been any change in the legal requirement and in the legal status as to residence, or if for any reason the parental authority and control of the father over his son had been suspended, interrupted, or destroyed, that fact certainly was peculiarly within the knowledge of the defendant, and was clearly a matter to be urged in defense of the action."

It would seem from this language that a father, as a matter of defense, could show that the son was not residing with him, but it appears, from the dissenting opinion rendered by Mr. Chief Justice Provosty, that the majority opinion intended to hold that the father could not relieve himself from this liability except upon showing a legal separation from the mother, and that the fact that he and the child did not reside together resulted from some act of the law. The dissenting opinion of Judge Provosty seems to interpret the majority opinion as so holding, and such a holding seems to us to be most reasonable. Otherwise a person attempting to hold the father liable under the Codal provision would find himself under the necessity of investigating and determining whether or not the father was within his rights in leaving the family domicile. In other words, in such a suit as this the courts would have to determine the question of whether or not the father should have been at home before they could decide whether or not he was liable. We think the better reasoning requires us to hold that a father is liable unless he can produce evidence to show that, by some act of the law, the

residence of the minor has been made different from his own.

However, upon considering the second ground of defense urged, we believe that no liability exists in the father. It is true that, under the Codal provision, the parent is responsible for the torts of a minor, but it seems to us that there is a distinction between a simple tort and a tort which occurs as a result of or which may be the cause of a breach of contract. When the Rent-A-Car Company allowed young Goelz to take out a car it entered into a contract which required him to safely return it. His failure to do so constituted a breach of that contract. Conceding that his negligent act in driving the car was the cause of the breach, still the contractual obligation and the tort liability are so inseparably connected that, if we could hold that the father is liable in this case, we would in effect be holding the father liable for the breach of the contract of the minor. In Doumeing vs. Haydel, Tutor, 9 La. 446, we find a case which we think is complete authority for the position of defendant on this point. There it was sought to hold the tutor of a minor liable under the following facts: The plaintiff had made a contract with the minor under which plaintiff furnished to the minor a cart and horses and a stock of goods. The minor was to act as peddler and to sell the stock of goods and to make returns to the plaintiff. The goods were .sold, but the minor, instead of making proper return, gave to plaintiff only a small portion of the purchase price of the goods and embezzled the balance, and sold the cart and horses and embezzled the sale price thereof. The court disposed of the question in a very few words, as follows:

"The counsel for the appellant relies on a provision in the Louisiana Code, article 2297, which renders the mother (after the death of the father) responsible for the damage occasioned by her minor children, residing with her, &c.

"This article is found in the code under the head of quasi offenses, and it would be absurd to extend its interpretation and application to the contracts of minors."

If, instead of negligently wrecking the automobile, the plaintiff in the case before us had sold it and embezzled the proceeds, it is manifest that the Doumeing case would be complete authority for us to hold the father free from liability. Suppose, in the Doumeing case, that, instead of selling the horses and wagon and embezzling the proceeds, the minor had wrecked the wagon and killed the horses, would we not be equally justified in saying that the loss was the result of the breach of contract, though the breach was caused by a tort?

For these reasons we feel that there is no liability in the father, and we find it unnecessary to consider the other questions presented. Counsel have asked us to pass on the question of the rights of the holder of a mortgage to claim damage from him who destroys or damages the property mortgaged. We do not feel that we are at liberty to do so, as we cannot pass upon moot questions, which this question has become in view of our decision above announced.

The trial court held that the father was not liable, and for the reasons above given.

It is ordered that the judgment appealed from be and it is affirmed, at the cost of appellant.