KENNON, Judge.
Plaintiff, in an original and two supplementary petitions, sets forth that the defendant, Milton L. Burks, as an unemanci-pated minor, and with the consent of his father and co-defendant, L. C. Burks, received for re-sale merchandise from plaintiff of a total retail value of $601.62. Alleging further that this merchandise was sold by young Burks and that while he was entitled to retain only 20% as a commission, he had actually retained the entire amount, plaintiff asked for judgment against both defendants for the balance due.
Defendants filed an exception to plaintiff’s capacity to sue and an exception of no cause or right of action. Apparently, the principal issue tendered by the exceptor was the incapacity of the minor to make a valid contract, or to be held liable for restoration of the value of the goods delivered.
The minutes show that on August 1, 1949, the exception of no cause or right of action was sustained. Plaintiff filed a motion for rehearing in order that it might file a supplemental petition curing the defect upon which the Court had based its opinion sustaining the exception of no cause or right of action. On August 2, 1949, the acting City Judge signed an order permitting the filing of the supplemental and amended petition, which contained the following allegation: “ ‘That said sum of $481.-30 was the proceeds received by Milton L. Burks from the sale of plaintiff’s merchandise, which said merchandise was sold by Milton L. Burks who kept the money, being the sum of $481.30, received by him from such sale and which said sum he applied to his own use.”
On August 15, 1949, a formal judgment was signed sustaining the exception of no cause or right of action and dismissing plaintiff’s suit. The case is- before us on appeal from that judgment.
Since the formal judgment sustaining the exception of no cause or right of action was not signed until A ugust 15, 1949, and the City Judge had signed an order on August 2, 1949 permitting the filing of the supplemental petition (above quoted from), we conclude that the allegations of the August 2d -supplementary petition must be considered in determining the correctness of the judgment signed on August 15, 1949 sustaining defendants’ exception of no cause or right of action.
Article 1793 of the Revised Civil Code provides as follows: “If, in a contract with an incapacitated person, or in a contract void for want of form, entered into with any one for the benefit of such incapacitated person, any consideration be paid or given, and the contract be afterwards invalidated on account of such incapacity or want of form, the consideration so paid or given must be restored, if it was applied to the necessary use or benefit of the incapacitated person.” (Italics ours.)
It is noted that the above quoted clause from the second supplementary petition does not contain the allegation that the moneys received by the younger Burks were applied to his necessary use or benefit. The language of the petition simply being that the money was kept by young Burks and by him “applied to his own use.” It is needless for the Court to observe that a young man under twenty-one years of age —and older ones too — may often apply money “to his own use” without same being applied “to the necessary use or benefit” of the spender. Under these circumstances, we conclude that the Judge of the City Court correctly held that the petition failed to set forth a cause of action against the younger Burks, who, at the time of the contract, was an incapacitated person within the meaning of Article 1793 of the Revised Civil Code.
The basis of plaintiff’s claim ■against the elder Burks is that the failure by the minor to account for the moneys received was in the nature of an offense, quasi-offense or tort under Articles 237 and 2318 of the Civil Code, citing as its principal authority for this contention the recent case of Smith v. Freeman et al., La.App., 31 So.2d 524. We agree with counsel on the general principle of law that a father is responsible in damages for the illegal -acts and torts of a minor son re *228 siding with him. Plaintiff’s case against the father fails here because its claim against the minor is under a business contract. The authority cited was a case involving assault and battery which was clearly a tort and not applicable to the case before us, where the minor’s .liability, if any, to plaintiff is contractual in nature.
The judgment is affirmed, with costs.