134 So.2d 309 (1961)
OHIO CASUALTY INSURANCE COMPANY, Plaintiff and Appellant,
v.
Edras NUNEZ et al., Defendant and Appellee.
No. 367.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
Liskow & Bond, by George W. Liskow, Lake Charles, for plaintiff-appellant.
Jones & Jones, by Jerry G. Jones, Cameron, for defendant-appellee.
Before FRUGÉ, CULPEPPER and HOOD, JJ.
HOOD, Judge.
Ohio Casualty Insurance Company, the insurer of O. D. and Nola Mae McFillen, d/b/a McFillen Air Park, instituted this action against Frederick B. Nunez and his father, Edras Nunez, to recover the amount which plaintiff paid to the McFillens under an all-risk insurance policy covering an airplane alleged to have been damaged by the negligence of Frederick B. Nunez.
The trial court sustained an exception of no cause of action filed by one of the defendants, Edras Nunez, dismissing the suit as to him, and it overruled exceptions of no cause or right of action filed by the remaining defendant, Frederick B. Nunez. Plaintiff has appealed from that judgment insofar as it decrees the dismissal of the suit as to Edras Nunez. No answer to the appeal has been filed.
Plaintiff alleges that on October 25, 1959, while Frederick B. Nunez was operating a Piper airplane owned by the McFillens, he attempted to land the aircraft on a public highway in Cameron Parish, and in so doing he caused the plane to crash and to be damaged in the amount of $5,332.86.
At the time the accident occurred, the plane was being operated by Nunez under a rental agreement entered into between him and the McFillens, one of the conditions of the rental agreement being that the plane must be returned to the owner in good condition.
*310 It is alleged that Frederick B. Nunez was a person of full age of majority at the time the suit was filed, but that he was a minor, under the care and custody of his father, Edras Nunez, at the time the plane was damaged. Plaintiff, accordingly, contends that under the provisions of Article 2318 of the LSA-Revised Civil Code, Edras Nunez, the father, is responsible for the damages caused by his minor son.
Plaintiff, as the insurer of the plane, paid to the McFillens the sum of $4,332.86, being the amount of damages sustained by them as the result of this accident, less $1,000 which was deductible under the terms of the policy. Plaintiff, alleging that it has been legally subrogated to all of the rights of the McFillens, demands judgment against both defendants, in solido, for the amount which it paid to the insured.
Counsel for both parties apparently agree that Article 2318 of the LSA-Civil Code, making the father responsible under certain circumstances for damages occasioned by his minor son, is applicable only in cases arising ex delicto, and that this article is not applicable in actions for damages ex contractu, or resulting from breach of contract. Plaintiff contends, however, that this is a tort action, and accordingly that the father, Edras Nunez, is responsible for the damages occasioned by his son's negligence. Defendant, on the other hand, contends that this is an action ex contractu, or for damages resulting from a breach of contract, rather than one in tort, and that under those circumstances there is no liability on the part of the father.
In our opinion the facts and the issues presented in this case are almost identical to those presented in Maloney v. Goelz, Orl., 12 La.App. 31, 124 So. 606, 607. The plaintiff in that case was the vendor and mortgagee of an automobile sold to a concern which rented the car to a minor. The automobile was demolished through the negligence of the minor, and plaintiff instituted suit against the minor's father, contending that the father was responsible for the damages occasioned by his son, under the provisions of LSA-R.C.C. Article 2318. One of the defenses urged was that the defendant was not responsible for the damages to the automobile because they resulted from a breach of contract rather than from tort. In refusing to permit plaintiff to recover from the minor's father in that case, the Orleans Court of Appeal said:
"However, upon considering the second ground of defense urged, we believe that no liability exists in the father. It is true, that, under the codal provision, the parent is responsible for the torts of a minor, but it seems to us that there is a distinction between a simple tort and a tort which occurs as a result of or which may be the cause of a breach of contract. When the Rent-A-Car Company allowed young Goelz to take out a car, it entered into a contract which required him to safely return it. His failure to do so constituted a breach of that contract. Conceding that his negligent act in driving the car was the cause of the breach, still the contractual obligation and the tort liability are so inseparably connected that, if we could hold that the father is liable in this case, we would in effect be holding the father liable for the breach of the contract of the minor. In Doumeing v. Haydel, Tutor, 9 La. 446, we find a case which we think is complete authority for the position of defendant on this point." (Emphasis added.)
In Doumeing v. Haydel, 9 La. 446, a Supreme Court decision which was relied on by the Orleans Court of Appeal in the Maloney case, the plaintiff employed a minor to sell goods as a peddler, and for that purpose he furnished the minor with a cart and horses and a stock of goods. The child embezzled a part of the proceeds of his sales and also wrongfully disposed of the cart and the horse which had been furnished to him by the plaintiff. In denying recovery against the succession of the tutrix, the Supreme Court said: "This article (R. C.C. Art. 2297, now Art. 2318) is found in the Code under the head of Quasi Offenses, and it would be absurd to extend its interpretation *311 and its application to contracts of minors."
Counsel for plaintiff argues that the Maloney case is not sound in making a distinction between a "simple tort" and a "tort * * * which may be the cause of a breach of contract." We think, however, that the reasoning in that case is sound, and that the conclusions reached are supported by Doumeing v. Haydel, supra, and by Overhultz v. Row, 152 La. 9, 92 So. 716; and Jackson Cookie Company v. Burks, La.App. 2 Cir., 45 So.2d 226.
In the instant suit, according to the allegations contained in the petition, the McFillens allowed young Nunez to use an airplane under a rental agreement which required Nunez to return it undamaged. The plane was damaged through the negligence of Nunez, and because of that damage there was a breach of contract in his failure to return the plane in good condition. Under those circumstances, it appears to us that the McFillens would have a cause of action against young Nunez for damages either in tort or for breach of contract. Under the jurisprudence hereinabove cited, however, the McFillens, as the owners of the plane would not have a cause of action against the father of young Nunez, under LSA-R.C.C. Art. 2318, because the contractual obligation and the tort liability are so inseparably connected that the father could not be held liable for the tort without also in effect holding him liable for his son's breach of contract.
Plaintiff contends, however, that the principle applied in the cases hereinabove cited is not applicable here because the plaintiff in this case, being the insurer-subrogee, occupies a different relationship toward the father of the minor than did the plaintiff in any of the cited cases. It is argued that plaintiff here has a cause of action which is separate and independent from that vested in the McFillens, that plaintiff's cause of action is solely ex delicto, there being no contractual relationship between plaintiff and Edras Nunez, and consequently the defense that the cause of action is inseparably connected with a claim ex contractu is not available to that defendant.
In our opinion there is no merit to this argument. There was no contractual relationship between the plaintiff and the father (or the estate of the tutrix) of the minor in any of the cases cited, as is true in the instant suit, and accordingly we think the cited cases are applicable. We do not agree that plaintiff here, as the insurer-subrogee, has a cause of action which is separate and independent from that vested in its subrogors, or that plaintiff has a greater right to recover from the father of the minor than that of its subrogors.
We think plaintiff in this case, as the insurer-subrogee of the McFillens, acquired all of the rights theretofore held by its subrogors to recover from defendants to the extent of the payment made by plaintiff. The subrogee, however, acquired no greater rights than those possessed by the McFillens, and the claim of the subrogee is subject to all of the limitations which were applicable to the original claim of the subrogors. See Williams v. Marionneaux, La. App. 1 Cir., 116 So.2d 57 (reversed in part on other grounds, 240 La. 713, 124 So.2d 919); and 83 C.J.S. Subrogation §§ 9, 10 and 14, pp. 604-612. In our opinion, therefore, either of the defendants is entitled to urge any defense to this action which he might have urged had the suit been instituted by the McFillens. Accordingly, the defense that the tort liability and the contractual obligations of the minor are so inseparably connected that there can be no liability on the part of the father, under LSA-R.C.C. Art. 2318, is available to Edras Nunez in this suit and may be urged by him. Under the facts alleged in plaintiff's petition, it appears to us that plaintiff is not entitled to recover from Edras Nunez, so we conclude that the petition fails to state a cause of action against that defendant.
For the reasons assigned, therefore, the judgment of the district court is affirmed. All costs of this appeal are assessed to plaintiff-appellee.
Affirmed.