SAMUEL, Judge.
Plaintiff, collision insurer under an automobile policy and appearing here as sub-rogee of its insured, instituted this suit against the father of the minor driver of the automobile to recover $109.63, the amount paid by plaintiff to repair damages to the car, which damages were allegedly caused by the minor’s negligence. The trial court awarded judgment in favor of defendant and dismissed the suit. Plaintiff has-appealed.
On week-ends for several months prior to-the accident defendant’s son, a 15 year old boy residing with his parents, had been washing the car of the insured, receiving compensation therefor. They were neighbors and the car regularly was washed in front of defendant’s home. The boy did not have a drivers license and his parents-did not permit him to drive an automobile. After washing the car on the day of the accident, the boy drove it around the block for the purpose of putting it back in the insured’s driveway. While so driving he had a collision with a trailer being pulled by another car. The record establishes to our satisfaction that the collision was caused by the boy’s negligence.
■ While there is a direct conflict, between the testimony of the insured on one side and that of the defendant and his son on the other, relative to the balance of the pertinent facts, we find those facts to be as follows:
On the day of the accident and on other prior occasions the insured permitted the boy to drive the car from the former’s driveway to the front of defendant’s home and, *377 ■after the wash job was completed, back to the driveway, a practice continued by the insured despite the fact that, on one such ■occasion when the defendant discovered his son had been driving the car, defendant told the insured that he didn’t want his hoy to drive the automobile.
Plaintiff seeks a reversal of the lower court judgment on two grounds: (1) ■that upon receipt of the car on the day of the accident the boy became a compensated ■depositary, obligated as such to use diligence in preserving the article deposited, with resulting liability on the part of the defendant (LSA-Civil Code Ants. 2937-2938) ; and (2) that in any event, regardless •of any contractual relationship, the defendant is liable for the damage occasioned by his minor son under LSA-Civil Code Art. 2318, which provides:
“The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemanci-pated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
“The same responsibility attaches to the tutors of minors.”
We do not agree with either contention.
The simple answer to the first is that no contract of deposit was entered into between the boy and the insured because the former was incapable of contracting. At the time of the accident the boy was IS years of age and therefore a minor as defined by LSA-Civil Code Art. 37 which provides: “Minors are those of both sexes, who have not obtained the age of one and twenty years complete; * * * Under LSA-Civil Code Art. 1785 minors are incapacitated from contracting in all cases or circumstances other than those specified in the article, this type of case not being included under the exceptions. And LSA-Civil Code Art. 2935 provides that the voluntary deposit, and the deposit here would be “voluntary” rather than “necessary”, can only take place between persons capable of contracting.
In addition, this suit is not against the child. The only defendant is the boy’s father, and we know of no law, nor has any been pointed out to us, under which the father, who is not a party to the alleged contract, could be held responsible for damages arising ex contractu. LSA-Civil Code Art. 2318, quoted above, has no application to damages occasioned by a breach of contract. That article has reference only to damages resulting from offenses and quasi offenses. Overhultz v. Row, 152 La. 9, 92 So. 716; Doumeing v. Haydel, 9 La. (O.S.) 446.
We are of the opinion that the answer to the second contention is to be found in the case of Maloney v. Goelz, 12 La.App. 31, 124 So. 606. In that case an automobile was rented to the minor son of the defendant and was demolished as a result of the boy’s negligence. The plaintiff sought to hold the defendant liable under Civil Code Art. 2318. The court pointed out that there is a distinction between a simple tort and a tort which occurs as a result of, or which may be the cause of, a breach of contract and stated that the boy was under an obligation to safely return the vehicle, his failure to do so constituting a breach. In holding for the defendant the court, at page 607, said:
“Conceding that his negligent act in driving the car was the cause of the breach, still the contractual obligation and the tort liability are so inseparably connected that, if we could hold that the father is liable in this case, we would in effect be holding the father liable for the breach of the contract of the minor.”
The same rule is applicable to the instant case. Here also the contractual obligation and the tort liability are so interwoven and inseparably connected that for us to hold this defendant liable would result in giving full force and effect to a contract we have *378 already refused to recognize. In addition, the insured was himself at fault, and initially so, when he allowed the boy to drive the car despite the fact that the defendant had previously told him that he, defendant, did not want his boy to drive the automobile. We cannot permit the owner of the car, or his insurer standing in his stead, to be reimbursed for a loss sustained primarily as a result of his own fault.
For the reasons assigned the judgment appealed from is affirmed at the cost of appellant.
Affirmed.