GULOTTA, Judge.
This appeal arises from a judgment in favor of plaintiff, Stevens, Inc., and against the defendant, Frances Herrick, divorced wife of L. Richard Haspel, for $2,177.58 in a suit on an open account.
Plaintiff alleges that it sold merchandise to the defendant in the amount of the judgment of the trial court. Quantum is un- *247 controverted, and no contention was made by defendant that the merchandise was not delivered. Appellant contends, however, that she had no knowledge of the purchases and did not authorize the same.
Defendant was divorced from her husband L. Richard Haspel on September IS, 1966. Custody of the two minor children was awarded to the defendant. The purchases of over $2,000 of clothing and accessories from the plaintiff department store, which form the subject of this suit, took place over a three-week period in November, 1968. The testimony at the trial revealed that these purchases had been made by the minor sons of the defendant, Rickey, age 18 at the time, and Jeffery, age 16 at the time, not by the defendant herself, and that the account charged was that of L. Richard Haspel, the children’s father, who then lived in California.
The key witness for plaintiff was its assistant manager who negotiated the sales in question. He testified that defendant accompanied her minor sons to the store on November 1, 1968, the date of the first purchase, and perhaps on another occasion when merchandise was purchased. Both defendant and the elder of her minor sons who testified at the trial denied that she was ever present for any of the purchases.
The trial judge in his reasons for judgment stated of the defendant that: “[bjeing awarded custody of the children and having custody of the children makes her responsible for the debts and obligations incurred by those children; * * * ” While the trial judge predicated the judgment in favor of the plaintiff on the fact that the defendant had been awarded custody of the minor children, we are of the opinion that the issue is whether authorization to purchase is required in order to subject defendant to responsibility for the payment of the purchases by the minor children.
The testimony on this question is contradictory in part. The testimony of plaintiff’s witness that defendant was present with her two sons at the first of numerous purchases and authorized their charging to their father’s account was contradicted and refuted by Mrs. Haspel and her older son Rickey who had made most of the purchases.
We find it significant that none of the sales slips were signed by the defendant. It is also noteworthy that Rickey Haspel purchased most of the goods and 8 of the 9 sales slips which were signed bore his signature; yet, at the time of the purchases, he was not living with his mother but in a separate apartment elsewhere. Therefore, no presumption of knowledge of the purchases' can be imputed to the defendant.
Additionally, there was testimony that the salesman knew that some of the merchandise was being bought for other members of a band in which Rickey played. Further, we fail to understand why out of a total of 25 sales transactions, plaintiff did not obtain the purchaser’s signature on 16 of the sales slips charging items to the account of L. Richard Haspel.
Assuming that defendant did accompany her sons to Stevens, Inc. on one occasion, we cannot see how this incident would imply blanket authorization by her to Stevens, Inc. to permit her minor sons to charge over $2,000 worth of merchandise, some of which were knowingly for third parties, during a three-week period. Since, except for two occasions, all 25 sales were made by the testifying salesman, it would seem incumbent on him to seek the proper authorization for use of the acount. The account was in fact in the father’s name. Defendant testified to having no knowledge of the purchases made by her sons until the advent of the present suit.
It was never indicated that the Haspel sons had made a practice of shopping at Stevens or had ever charged there prior to November, 1968. As a matter of fact, the account had not been used for two years prior to these purchases. The testimony of *248 plaintiff’s salesman that identification was requested in the beginning would seem to imply that the boys had not previously shopped there. Therefore, it cannot be said that a custom of allowing the sons to charge without obtaining parental permission had been established.
LSA-R.C.C. Art. 1785 reads in part:
“Minors emancipated may contract in the cases already provided by law, and when not emancipated, their contracts are valid, if made with the intervention of their tutors, and with the assent of a family meeting, in the cases where by law it is required.
“When the minor has no tutor or one neglects to supply him with necessaries for his support or education, a contract or quasi contract for providing him with what is necessary for those purposes, is valid.
“A minor is also capable of accepting the contract of mandate * * *
“His stipulations in a marriage contract, * * * are also valid.
“The obligation arising from an offense or quasi offense, is also binding on the minor.
“In all other cases, the minor is incapacitated from contracting, but his contracts may be rendered valid by ratification, either expressed or implied, in the manner and on the terms stated in this title * * * ” (emphasis added)
Under Art. 1785, minors are incapacitated from contracting in all cases or circumstances other than those specified in the article. Purchases of the type in the case at bar, absent proof that the minors’ tutor has neglected to supply them with these “necessaries,” are not included under the exceptions. Thus, the minor sons of defendant lacked contractual capacity.
Defendant is in the position of a parent who was not a party to the contract(s) entered into by her minor sons and accordingly cannot be held responsible for the damages to plaintiff arising ex contractu. Boston Insurance Company v. Simoneaux, 135 So.2d 376 (La.App. 4th Cir. 1961); Jackson Cookie Co., Inc. v. Burks, 45 So. 2d 226 (La.App. 2d Cir. 1950).
In Boston Insurance Co. v. Si-moneaux, supra, a neighbor loaned the minor son of the defendant his automobile to be washed and the car was damaged due to the minor’s negligence. Plaintiff sued the defendant father on the ground that the boy was a compensated depositary liable for returning the car damaged, and also on the basis of tort liability of the father for his minor son’s acts. In finding there could be no contractual liability because of the incapacity of the boy who was a minor to contract with plaintiff, the court said in language apropos to defendant’s situation in the present case:
“In addition, this suit is not against the child. The only defendant is the boy’s father, and we know of no law, nor has any been pointed out to us, under which the father, who is not a party to the alleged contract, could be held responsible for damages arising ex. contractu. LSA-Civil Code Art. 2318, quoted above, has no application to damages occasioned by a breach of contract. That article has reference only to damages resulting from offenses and quasi offenses. Overhultz v. Row, 152 La. 9, 92 So. 716; Doumeing v. Haydel, 9 La.(O.S.) 446.” (emphasis ours)
Boston Insurance Co., supra, 135 So.2d at 377.
Since the defendant in the case at bar was not a party to the purchases made by her minor sons from the plaintiff store, we fail to see how she can be held liable for their incurrence of debt merely in her position of having custody of the minors.
We are unable to consider the question of unjust enrichment as plaintiff has failed to show to what extent if any the *249 defendant actually benefited from or was advantageously enriched by these purchases. See: Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967).
For the foregoing reasons, the judgment of the trial court in favor of the plaintiff is reversed, and it is now ordered that there be judgment in favor of the defendant-appellant, Frances Herrick Haspel, and against the plaintiff-appellee, Stevens, Inc., dismissing plaintiff’s suit. Costs to be paid by plaintiff-appellee.
Reversed.