263 So.2d 730 (1972)
Audrey Stout WILDER
v.
Robert E. WILDER.
No. 8838.
Court of Appeal of Louisiana, First Circuit.
May 29, 1972.
Rehearing Denied June 26, 1972.
Writ Refused September 19, 1972.
Andrew J. Bennett, Jr., Baton Rouge and John K. Shamburger, Little Rock, Ark., for appellant.
A. Leon Hebert, Hebert, Moss & Graphia, Baton Rouge, for appellee.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
This is an appeal by plaintiff Audrey Stout Wilder from a judgment maintaining defendant Robert E. Wilder's exception to the jurisdiction of the court over his person and dismissing her suit.
Plaintiff is a resident of East Baton Rouge Parish, and defendant is domiciled in Montgomery, Alabama, where he has resided since 1967. The factual allegations of plaintiff's petition, which have been stipulated by the parties to be true for the purposes of this exception, show that the parties hereto were married in the State of Arkansas in 1940, and moved to East Baton Rouge Parish in 1954. The matrimonial domicile was maintained in East Baton Rouge Parish from 1954 until 1967, when the parties separated. At that time, plaintiff filed a suit against the defendant for a legal separation. Defendant filed an answer, but left Louisiana at that time, and has since been domiciled in the State of Alabama.
Defendant caused a financial statement to be prepared by a firm of Certified Public Accountants in Baton Rouge, Louisiana, under the date of September 30, 1967, which was delivered to plaintiff's attorney shortly after October 31, 1967, and was represented to show the value of the community assets. In that financial statement, the value of 541,957 shares of the common stock of the First Colonial Corporation of America was valued at $677,434.00, and 138,897 shares of National American Life Insurance Company was valued at $607,674.00.
*731 It is further alleged that during and before September, 1967, the defendant negotiated a sale of the said stocks for $5,000,000.00, and by fraudulently misrepresenting the value of the stock, he concealed $3,714,892.00 of the value of the assets of the community.
On January 24, 1968, defendant contracted to sell the said stock for $5,000,000.00, and a copy of the contract is attached to the petition. On February 29, 1968, judgment of separation was signed by The Family Court of East Baton Rouge Parish.
On March 27, 1968, the attorneys for plaintiff and defendant met in Montgomery, Alabama, to negotiate a settlement of the community, and the above referred to financial statement was used as the basis thereof. At that time, the financial statement was represented as substantially true, and her attorneys were told that no further information would be developed or furnished unless it was developed by the plaintiff. Subsequently, relying on the statement, the attorneys negotiated a separation agreement and property settlement, which was executed by plaintiff in Baton Rouge. It is stipulated in the agreement that it would not become effective until it was recognized by a judgment rendered in an Alabama divorce proceeding to be initiated by plaintiff herein.
Such a proceeding was initiated, and the judgment of divorce was obtained on April 26, 1968. In that judgment, the settlement agreement was recognized and both parties were directed to abide thereby. On April 29, 1968, the defendant consummated the sale of the stock for $1,000,000.00 cash and a note for $4,000,000.00.
It is alleged that as a result of the misrepresentation of the true value of the stock, plaintiff was damaged to the extent of one half of its excess value, or $1,857,446.00. Service was made on the defendant under the long arm statute, R.S. 13:3201. The defendant filed an exception to the jurisdiction of the court over his person, which was maintained by the trial court. This appeal followed.
R.S. 13:3201 provides as follows:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; or
(e) having an interest in, using, or possessing a real right or immovable property in this state."
In her suit, plaintiff is not attacking the property settlement, or the Alabama judgment. Rather, she has stated her cause of action to be one for damages resulting from a fraudulent misrepresentation. It is well settled that such a cause of action exists in Louisiana. Swann v. Magouirk, 157 So.2d 749 (La.App. 2 Cir. 1963).
Plaintiff's main position is that the offense, fraudulent misrepresentation, took place in Louisiana, and that R.S. 13:3201(c) permits personal jurisdiction over a non-resident under those circumstances.
*732 Defendant contends, however, that the "alleged fraud in this case could not have taken place until appellant was damages by the misrepresentations," and that the damage did not take place until the property settlement was given effect by the Alabama divorce judgment. He therefore contends that R.S. 13:3201(c) can not be used as a basis for jurisdiction, since the tort was actually committed in Alabama.
Article 2315 of the Civil Code provides:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
It is clear that the cause of action in tort is founded on the act plus the damage. However, it is entirely possible to commit a tortious act in one place, and have the damage occur in another place at a later time. Our own venue articles recognize the possibility by permitting the venue of a tort action to be in the place where the wrongful conduct occurred or the place where the damages were sustained. Article 74, Code of Civil Procedure.
In this case, the wrongful act complained of was the misrepresentation of the value of some of the community property. This act took place in Louisiana, when the financial statement was delivered to plaintiff. R.S. 13:3201 (c) confers jurisdiction over a non-resident who commits a wrongful act in this state which causes damage. It does not require that the damage occur in Louisiana.
We are, therefore, of the opinion that the courts of Louisiana can exercise jurisdiction over the person of the defendant herein under the provision of R.S. 13:3201(c).
The judgment of dismissal appealed from is therefore reversed, and the case remanded to the trial court for further proceeding in accordance with the law. All costs of this appeal are to be paid by defendant.
Reversed and remanded.