385 So.2d 1264 (1980)
BUNKIE BANK & TRUST COMPANY, Plaintiff-Appellant,
v.
Mark A. JOHNSTON et al., Defendants-Appellees.
No. 7485.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
*1265 Boatner & Luke, Peter John Lemoine, Bunkie, for plaintiff-appellant.
David F. Townsend, Bunkie, for defendants-appellees.
Before CULPEPPER, SWIFT and STOKER, JJ.
CULPEPPER, Judge.
This is a suit for damages caused by fraudulent misrepresentation. Plaintiff, Bunkie Bank & Trust Company, alleges that defendant, Mark Johnston, while a minor, made fraudulent misrepresentations to plaintiff in securing a loan of $12,585 to produce a soybean crop. Also made a defendant is Johnston's mother, Eleanor Johnston White, as the parent with whom the minor was living. Defendants filed Exceptions of No Cause of Action and No Right of Action. The trial judge sustained the Exception of No Cause of Action, holding plaintiff's damages did not arise from a tort but instead from a breach of contract, for which neither the minor nor his parent could be held liable. Plaintiff appealed.
The substantial issue is whether under the facts alleged, the Bank has a cause of action in tort against the minor and/or his parent.
Plaintiff's petition contains the following allegations:
"Petitioner shows that on or about April 14, 1978, defendant, MARK A. JOHNSTON, did submit an application to petitioner, through its Executive Vice-President, H. L. Kelley, Jr., for collateral credit in the sum of FIFTEEN "THOUSAND AND NO/100 ($15,000.00) DOLLARS, which was to be paid in December of 1978. Upon submitting his application, defendant, MARK A. JOHNSTON, deliberately, fraudulently and with intent to permanently deprive petitioner of cash money, misrepresented the following, to wit:
"(1) That he was a person of the full age, having been born August 3, 1959; when in fact said defendant was born August 3, 1960,
"(2) That he was leasing approximately 700 acres of land located in St. Landry Parish, LA for the crop year 1978 for the purpose of growing soybeans; when in fact he had no lease whatsoever regarding said properties, and in fact grew no crops in 1978.
"(3) That he would pledge all crops grown or to be grown for the 1978 growing season, and in particularly, soybeans, on approximately 700 acres of land located in St. Landry Parish, LA, in return for petitioner granting said defendant collateral security in the sum of FIFTEEN THOUSAND AND NO/100 ($15,000.00) DOLLARS,
"(4) That on at least four (4) subsequent occasions, i. e.,; April 27, 1978, June 1, 1978, June 12, 1978 and July 5, 1978, defendant, MARK A. JOHNSTON, represented to petitioner that the funds received from petitioner were for the purposes of purchasing soybean seeds and/or fertilizers and/or operating expenses for making the 1978 soybean crop."
Plaintiff further alleged Mark Johnston received from plaintiff the total of $12,585, *1266 on the above dates, when he was residing with his mother.
In written reasons, the trial court found, in part, as follows:
"In this petition, the contractual obligation and the alleged tort liability are so interwoven and connected that for this court to hold these defendants liable would result in giving full force and effect to a contract which cannot legally be enforced.
"It is well settled that the parent of an unemancipated minor cannot be held responsible for damages arising ex contractu and that the unemancipated minor is simply incapable of contracting.
"Also, there exists a legal distinction between a simple tort and a tort which occurs as a result of, or which may be the cause of, a breach of contract.
"Reading the Plaintiff's petition and considering the demand as one for damages arising ex contractu, Plaintiff cannot recover against the unemancipated minor or the mother for the breach of contract by the son.
"Reading the Plaintiff's petition and considering the demand as one arising ex delicto, in connection with a contract, still there can be no recovery, for the added reason that to recognize the asserted right to recover would be to permit Plaintiff to profit by an alleged tort wrong to which it voluntarily was a party."
Plaintiff contends it does not seek to recover against either the minor or his mother for breach of contract. Therefore, we do not consider this issue. Plaintiff's sole contention is that it alleges a cause of action for fraud against the minor and his mother.
It is well settled that a cause of action for intentional fraudulent misrepresentation as to present or past facts exists in Louisiana. Wilder v. Wilder, 263 So.2d 730 (La.App. 1st Cir. 1972); Swann v. Magouirk, 157 So.2d 749 (La.App. 2d Cir. 1963). It has further been established that in the case of a contract confected under circumstances involving such fraud, a plaintiff may elect to pursue an action for damages for fraud rather than breach of contract. Maniscalco v. Shell Petroleum Corporation, 176 La. 492, 146 So. 33 (1933).
The trial judge concluded the action in contract was barred by Johnston's minority, and the action in tort barred because it would indirectly give effect to the contract and make the parent liable for the minor's breach of contract. From the language of the trial judge's opinion, he apparently relied on Maloney v. Goelz, 12 La.App. 31, 124 So. 606 (Orl.App.1929) where the court stated:
"It is true that, under the codal provision, the parent is responsible for the torts of a minor, but it seems to us that there is a distinction between a simple tort and a tort which occurs as a result of or which may be the cause of a breach of contract. When the Rent-A-Car Company allowed young Goelz to take out a car, it entered into a contract which required him to safely return it. His failure to do so constituted a breach of that contract. Conceding that his negligent act in driving the car was the cause of the breach, still the contractual obligation and the tort liability are so inseparably connected that, if we could hold that the father is liable in this case, we would in effect be holding the father liable for the breach of the contract of the minor."
In Ohio Casualty Insurance Company v. Nunez, 134 So.2d 309 (La.App. 3rd Cir. 1961) this Court approved of Maloney in the following discussion:
"Counsel for plaintiff argues that the Maloney case is not sound in making a distinction between a `simple tort' and a `tort * * * which may be the cause of a breach of contract.' We think, however, that the reasoning in that case is sound, and that the conclusions reached are supported by Doumeing v. Haydel, supra [9 La. 446], and by Overhultz v. Row, 152 La. 9, 92 So. 716; and Jackson Cookie Company v. Burks, La.App. 2 Cir., 45 So.2d 226.
"In the instant suit, according to the allegations contained in the petition, the McFillens allowed young Nunez to use an *1267 airplane under a rental agreement which required Nunez to return it undamaged. The plane was damaged through the negligence of Nunez, and because of that damage there was a breach of contract in his failure to return the plane in good condition. Under those circumstances, it appears to us that the McFillens would have a cause of action against young Nunez for damages either in tort or for breach of contract. Under the jurisprudence hereinabove cited, however, the McFillens, as the owners of the plane would not have a cause of action against the father of young Nunez, under LSA-R.C.C. Art. 2318, because the contractual obligation and the tort liability are so inseparably connected that the father could not be held liable for the tort without also in effect holding him liable for his son's breach of contract."
We distinguish the above cases by the alleged presence of actionable fraud. Nothing in the jurisprudence of Louisiana persuades us that a minor should be relieved of liability for the intentional tort of fraudulent misrepresentation as to present or past facts. It was said in Guidry v. Davis, 6 La.Ann. 90 (1851), "It is an error to suppose that the law can sanction the perpetration of frauds by minors; the truth and reality of bona fide transactions are as binding upon them as upon majors." In Christian v. Welch, 7 La.Ann. 533 (1852), it was also said, "Where there is fraud, the minors stand on no better footing than one of full age."
Furthermore, an examination of both civil law and common law authorities reveals a long standing exception to the policy favorable to minors in matters of contract induced by the minor's fraud. See Civil Law Translations, Vol. 1, Aubry & Rau, Obligations, Sec. 335; Planiol, Civil Law Treatise, Vol. 2, No. 879, et seq., and No. 1088. We are impressed by the rationale stated in Prosser, Law of Torts, 4th Ed., pages 997-100 as follows:
"A further qualification is that the tort liability must be applied with due regard for the settled doctrine that the infant may not be held liable on his disaffirmed contracts. Where the wrong complained of consists merely in the nonperformance or the improper performance of an agreement, the plaintiff will not be permitted to recover merely by changing the form of the action to one of tort. He cannot, for example, maintain a tort action for breach of warranty, or for failure to perform a duty undertaken by voluntary agreement; and he cannot hold the infant liable for negligent performance of a contract to transport the plaintiff, or to receive and store his goods. On the other hand if the tort can be regarded as a distinct and independent one, as to which liability can be made out without relying on the existence of the contract or in effect enforcing it, the action will lie.
* * * * * *
"The question of tort frequently arises where the infant has obtained a contract by misrepresentation. Where the representations concern a collateral matter inducing the contract, most courts are agreed that the minor is liable in deceit. Where he has misrepresented only his age, there is a great deal of disagreement. The English courts have held in such a case that there is no tort liability, considering that it would amount to an indirect enforcement of the contract, from which the tort is regarded as inseparable. A few courts in the United States have come to the same conclusion. Most of the American courts have allowed the action in deceit, since the plaintiff is not seeking to enforce the contract to obtain its benefits, but only to recover compensation for the damage he has suffered through the fraud. Other courts have found an estoppel against the infant which prevents him from asserting his minority in his affirmative action for rescission, or as a defense when he is sued on the contract, although here there is more authority to the contrary. In a few states there are statutes creating the estoppel, or requiring the infant to make complete restitution as a condition of rescission.

*1268 "The effect of the decisions refusing to recognize tort liability for misrepresentation is to create a privileged class of liars who are a great trouble to the business world. The decisions seem to rest on a failure to distinguish between a shield and a swordbetween the obligation which the infant has agreed to assume and that which the law imposes upon him for the protection of others. The immunity has a legitimate place where the contract is really being enforced under the guise of a tort action developed long since to avoid the stringencies of common law pleading; but where a genuine duty is independently created by the law because of the relation of the parties, the existence of a contract should not prevent the tort liability, even though the two obligations closely coincide."
Of course, the general rules governing actionable fraud are applicable to minors as well as adults. In Swann v. Margouirk, supra, it is stated:
"[1] Louisiana courts have long recognized that a party who is injured by the fraud and deceit of another has a cause of action against the offending party for damages.
* * * * * *
"[2] In an early annotation, 51 A.L.R. 49, the general rule, supported by numerous decisions in almost all jurisdictions, is that fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events."
In the present case, the Bank's petition alleges the defendant minor deliberately and fraudulently made the following misrepresentations: (1) That the minor was over the age of 18, (2) that he had a lease on 700 acres of land for the purpose of growing soybeans, (3) that he would pledge to the Bank all crops grown during 1978 on the 700 acres, and (4) that on four occasions he represented to the Bank that he needed funds, for the purpose of purchasing soybean seeds and fertilizer and for operating expenses for making his 1978 soybean crop.
There may be some question as to whether the mere misrepresentation as to age is sufficient to constitute actionable fraud. We will pretermit this question.
However, it is clear the minor is alleged to have made a deliberate and fraudulent statement that he already had a lease on 700 acres of land, when in fact he had no such lease. Under the rules set out above, this is a false and fraudulent statement as to a present or past fact, and is sufficient to constitute actionable fraud.
As to the allegation that the minor stated he would in the future pledge all crops grown, this is a promise to do something in the future and, under the rules set out above, it is not actionable fraud.
As to the four occasions on which the minor went to the Bank and secured funds, these must be treated separately. The allegation that he represented funds were needed to purchase soybeans for future planting is a representation as to a future event, and, under the rules set out above, is not actionable fraud. However, the allegation that the minor represented he needed money to buy fertilizer and for operating expenses for "making the 1978 soybean crop", is sufficient for the introduction of evidence that the minor represented he had already planted a soybean crop, when in truth and in fact no such crop had been planted. Viewing these allegations in the light most favorable to plaintiff, admissible evidence could show the minor fraudulently misrepresented that a soybean crop had already been planted, in which event there would be an actionable fraud. Of course, if the evidence shows that the minor's representations were only that he promised to plant soybeans for which he needed fertilizer and operating expenses, then there would be no misrepresentation as to a present or past fact and hence no actionable fraud.
For the reasons stated above, we conclude the plaintiff has stated a cause of action in tort against the defendant, Mark Johnston, under LSA-C.C. Article 2315, and a cause of action against the minor's mother, Eleanor *1269 Johnston White, under LSA-C.C. Articles 237 and 2318.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that the defendants' Exception of No Cause of Action be overruled, and this case be remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendants-appellees. Assessment of costs in the trial court must await a final judgment there.
REVERSED and REMANDED.