GARRISON, Judge.
On February 10, 1986, the plaintiff, Eddie’s Quality Oysters, Inc., filed suit on an open account against F.S.B., Inc. and Frank S. Bellavia. According to plaintiff’s petition, Bellavia made payments on this account with checks which he knew his bank account did not have sufficient funds to cover. On the same day that this petition was filed, plaintiff filed a request for production of documents and records. On March 26, 1986, the defendants filed exceptions of improper venue and lack of personal jurisdiction.
In the exception of improper venue, the defendants declare that Bellavia is a resident and domicilliary of Amite, Louisiana and that F.S.B., Inc. is a Louisiana corporation domiciled in Amite. Therefore, defendants claim that the proper venue for *563 this lawsuit is Tangipahoa Parish, where Amite is located, rather than Plaquemines Parish, where this suit was filed. The defendants further allege that all transactions which resulted in the filing of this lawsuit took place in Tangipahoa Parish. In defendants’ exception of lack of personal jurisdiction, they allege that because all defendants are domiciled in Tangipahoa Parish and because all transactions leading to this lawsuit took place in Tangipahoa Parish, the Plaquemines Parish District Court does not have personal jurisdiction over the defendants.
In plaintiffs opposition to defendants’ exceptions, it claims that this lawsuit was properly filed in Plaquemines Parish because the delivery by defendants to plaintiff of checks which were later returned due to insufficient funds constitutes deceit and/or negligent misrepresentation. Specifically, plaintiff alleges that defendants knew or had reason to know that their bank account did not have sufficient funds to cover the checks delivered to plaintiff. Plaintiff urges that this suit on open account, a contract claim, also involves a tort claim for negligent misrepresentation or deceit and, as such, is properly brought in the parish where the deceit occurred or where damages were sustained. LSA-C. C.P. art. 74; Lottinger v. Mark II Electronics of Louisiana, Inc., 179 So.2d 644 (La.App. 4th Cir.1965). According to plaintiff, when a petition asserts more than one theory of recovery arising out of one factual circumstance, and venue is proper as to any of these theories, then venue is proper for the court to decide any and all claims between the parties. In other words, if Plaquemines Parish is the proper venue for the “NSF” checks, then Plaquemines Parish is the proper venue as to all matters between these parties.
On June 9, 1986, the trial judge maintained defendants’ exception of improper venue and transferred this case to the 21st Judicial District Court in Tangipahoa Parish. Plaintiff now appeals this ruling.
The main issue of this case is whether or not the delivery of a check which is later returned due to insufficient funds is an “offense” or “quasi-offense” for purposes of venue under LSA-C.C.P. art. 74. We find that it is not.
In support of defendants’ position that this action does not fall within article 74, they cite the case of Blue Bonnet Creamery, Inc. v. Gulf Milk Association, 172 So.2d 133 (La.App. 1st Cir.1965), which states that:
“... it is settled law that a worthless check given in payment of an open account or pre-existing indebtedness cannot be issued with intent to defraud_ Obviously, a check given under such circumstances deprives the creditor of nothing. Neither does the debtor receive anything of value for his check. The creditor is not misled by such action on the part of the debtor to extend credit or deliver goods or merchandise under false representations on the part of the debtor. It is merely the giving of a worthless check in payment of an antecedent obligation.”
The plaintiff, however, claims that the rule enunciated in the Blue Bonnet Creamery case is inapplicable to this in that it dealt with a different situation, i.e. a bankruptcy dischargeability hearing, it was decided pri- or to the adoption of the “good faith” duty requirement of the Louisiana Commercial Laws, LSA-R.S. 10:1 et seq., and it involved the issue of fraud rather than deceit or negligent misrepresentation. Plaintiff, furthermore, cites several cases which allegedly support its contention that the issuance of an “NSF” check constitutes an offense or quasi-offense within the meaning of C.C.P. art. 74. However, these cases involved “check-kiting” schemes, Lone Star Industries, Inc. v. American Chemical, Inc., 461 So.2d 1063 (La.App. 4th Cir. 1984), and National Bank of Commerce v. Hughes-Walsh Co., 246 So.2d 872 (La.App. 4th Cir.1971), and the issuance of a false financial statement, Wilder v. Wilder, 263 So.2d 730 (La.App. 1st Cir.1972). None of the cases cited by the plaintiff involve an “NSF” check issued in payment on an open account as did the Blue Bonnet Creamery case cited by defendants. Furthermore, plaintiff’s argument that the defendants breached their statutory duty of good faith *564 in their dealings with the plaintiff in violation of the Louisiana Commercial Laws is unpersuasive in that no such allegation was made in plaintiffs petition and if such an allegation had been made, it could not automatically be equated with deceitful tortious conduct or negligent misrepresentation. In its petition, plaintiff merely alleges that the defendant, Frank Bellavia, believed to be the sole stockholder of F.S.B., Inc., knew or had reason to know that there were insufficient funds in the F.S.B. account at the time the checks in question were issued. We find that this allegation does not constitute an offense or quasi-offense for purposes of venue under C.C.P. art. 74. This action is contractual in nature and, therefore, in accordance with the venue rules of C.C.P. art. 42, the trial judge correctly maintained the defendants’ exception of improper venue and transferred the case to Tangipahoa Parish where all defendants are domiciled.
For the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.