(92 South. 716)

No. 23674.

## OVERHULTZ v. ROW.

(June 5, 1922.   Rehearing Denied by Division, B. July 1, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Parent and child ⬿13(1)—Parent not liable for minor's breach of contract.**

Civ. Code, art. 2318, providing that the father, or, after his decease, the mother, is responsible for damages occasioned by a minor or unemancipated child, does not include damages arising from breaches of contracts.

**2. Parent and child ⬿13(1)—Father not liable for minor's seduction of plaintiff.**

A father is not liable under Civ. Code, art. 2318, for his minor son's seduction of plaintiff where she had reached the age of discretion, and was voluntarily a party to the act.

**3. Parent and child ⬿13(1)—Father not liable for persuading son to break marriage promise.**

The law accords a father the right to persuade his minor son not to fulfill a promise to marry which he may regard as undesirable, and he cannot be held liable in damages for exercising such right, especially in view of Civ. Code, art. 1621, authorizing a father to disinherit a minor child for marrying without his consent.

Appeal from Twenty-First Judicial District Court, Parish of Iberville; C. K. Schwing, Judge.

Action by Miss Cora Overhultz against Charles Row. From a judgment for defendant, plaintiff appeals. Affirmed.

J. Howell Pugh, of Plaquemine, and Walter Lemann, of Donaldsonville, for appellant.

Albin Provosty, of New Roads, and P. G. Borron, of Baton Rouge, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE. (Note.—In this case Mr. Chief Justice PROVOSTY recused himself, and Mr. Justice LAND, of Division B, sat in his stead.)

OVERTON, J.  This case comes before us on an exception of no cause of action. The allegations of the petition, which must be accepted as true, in deciding the exception urged, show the following facts:

Wallie Row, a minor, who resides with his father, Charles Row, the defendant herein, and a man of means, formed the acquaintance of plaintiff some time in the year 1914, and from that time until April, 1918, frequently called on her at her father's home. After paying her considerable attention the two became engaged.  During the existence of the engagement Wallie Row importuned plaintiff to yield to him her person.  Due to the love she bore for him, and his influence over her, and the promise of marriage made, she yielded.  During the engagement the two went several times to Port Allen, in the parish of West Baton Rouge, to have the marriage ceremony performed.  They returned each time, however, unmarried, for the reason that the person to whom application was made to perform the ceremony informed them that he could not do so, as his books were under lock and key in the courthouse.  The last trip to Port Allen for that purpose was made as late as March, 1918.

On April 6, 1918, plaintiff gave birth to a child, young Row being the father.  On the day of the birth, or soon thereafter, plaintiff received a letter from young Row in which he declared his love and devotion for her, and in which he requested her to make preparations to go with him to be married. Thereafter she called upon young Row repeatedly to comply with his promise, but he declined to do so.  The reason for this change towards her, plaintiff alleges, is due to the action of the young man's father, the defendant herein, who is preventing his son from marrying her.

Plaintiff then alleges, as Wallie Row is a minor, residing with his father, the defendant herein, that the father is liable to her for the damages she has sustained by the

tortious act of his minor son. She fixes these at $25,000, though she does not itemize them, and prays for judgment accordingly.

If defendant is liable at all for the damages alleged for the seduction, that liability arises under article 2318 of the Civil Code, which reads:

"The father, or after his decease, the mother are responsible for the damages occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.

"The same responsibility attaches to the tutors of minors."

The question whether plaintiff's demand is one for damages arising ex delicto, or whether it is one for damages arising ex contractu from the breach of promise of defendant's son to marry her, has been thoroughly discussed both in the briefs and in the oral arguments made. However, we find it unnecessary to decide the question, for the reason that it is immaterial whether the demand is for one or the other, for, in our view, in neither event is plaintiff entitled to recover.

[1] Considering the demand as one for damages arising ex contractu, plaintiff cannot recover against the father for the breach of promise by the son, for the reason that the only law that can be advanced to justify such recovery is article 2318 of the Civil Code, and that has no application to damages occasioned by the breach of a contract. The article is found in that part of the Code that treats of offenses and quasi offenses, and should not be extended to include damages arising from the breach of contracts. Doumeing v. Haydel, 9 La. 446.

[2] Considering the demand as one arising ex delicto, still there can be no recovery, for the reason that to recognize the asserted right to recover would be to permit plaintiff to profit by the wrong to which she voluntarily was a party, although she had reached the age of discretion, and, in fact, is older than defendant's son. This we do not think the law sanctions. Carson v. Slattery, 123 La. 825, 49 South. 586. Such is the doctrine also at common law when the female sues her seducer. 35 Cyc. 1294. We do not think that the case of Johnson v. Levy, 118 La. 447, 43 South. 46, 9 L. R. A. (N. S.) 1020, 118 Am. St. Rep. 378, 10 Ann. Cas. 722, is applicable to this phase of the question. That was a suit for damages arising ex contractu, for a breach of promise of marriage. If we view plaintiff's action as such, then she cannot recover against the father for the reasons already stated.

[3] Plaintiff also alleges that, after the birth of the child, defendant, with full knowledge of the facts, prevented his son from marrying her, and is alienating the young man's affection for her, and this also she includes in her demand for damages. The law, however, accords to the father the right to persuade his minor son not to fulfill a promise to marry which he may regard as undesirable. 15 R. C. L. p. 31. The father is the judge of when this right should be exercised, and not the courts. Our law even authorizes the father to disinherit a minor child for marrying without his consent, this being one of the grounds for which, under a system of forced heirship, it permits disherison. C. C. art. 1621. One in the exercise of a lawful right in a lawful manner cannot be held liable in damages for exercising the right.

We regret exceedingly the unfortunate occurrence, but are unable to grant plaintiff the relief for which she prays.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be affirmed; appellant to pay the costs.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.