(107 So. 111)

No. 25452.

## BRUNET v. DESHOTELS et al.

(Jan. 4, 1926. Rehearing Denied Feb. 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Seduction ⊚═7—Testimony of mother, in civil action for daughter's seduction, admissible, without qualifying as natural tutrix.**

   In action by mother on behalf of minor daughter, for daughter's seduction, against accused and his father, under Civ. Code, art. 2318, objection to testimony of mother at beginning of trial, on ground that she had not qualified as natural tutrix of her daughter, *held* improperly sustained.

2. **Seduction ⊚═16—Mother bringing civil action for seduction of daughter less than 18 years of age need not allege that daughter was mentally defective.**

   In civil action by mother in behalf of daughter, for latter's seduction, allegation that daughter was mentally defective was unnecessary, where petition affirmatively showed that at time of seduction she was under 18 years of age, as, under Act No. 192 of 1912, she was powerless of her own free will to engage in sexual act.

   O'Niell, C. J., dissenting.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; J. R. Pavy, Judge.

Action by Mrs. Ava Brunet, on behalf of her minor daughter, against Arvillien Deshotels and another. From a judgment of dismissal as of nonsuit, plaintiff appeals, and defendants assign error in overruling exception of no cause of action. Overruling exception of no cause of action affirmed, and judgment set aside, and case remanded, with directions.

A. H. Garland, of Ville Platte, for appellant.

A. V. Pavy, of Opelousas, and O. E. Guillory, of Ville Platte, for appellees.

ROGERS, J. The defendants, who are father and son, were sued for damages by plaintiff in behalf of her minor daughter. It is alleged that the younger Deshotels, under a promise of marriage, which he violated, seduced the girl. He is also charged with being the father of her illegitimate child. The senior Deshotels is sought to be held under Civ. Code, art. 2318, providing that parents are responsible for the damage caused by their minor children.

Defendants filed an exception of no cause or right of action and a motion to elect. The exception was overruled, and the motion was denied on the same day. Defendants then filed their answer, and the case was regularly fixed for trial and taken up. As the beginning of her proof, plaintiff placed her daughter on the stand, whereupon counsel for defendants objected to her testimony and to all further testimony in the case, unless and until plaintiff proved that she had qualified as the natural tutrix of her daughter by taking the oath prescribed by law. The objection was sustained, and plaintiff's suit was dismissed as in case of nonsuit. She has appealed from the judgment, and defendants have answered the appeal, asking that, under and by virtue of their exception of no cause of action, plaintiff's suit be dismissed.

[1] We think the judge of the district court erred in rendering a judgment of nonsuit, based upon the defendants' objection that plaintiff had not taken the oath required of her as natural tutrix of her minor daughter. That objection, which only questions the authority of the plaintiff to bring the suit and to stand in judgment, was not urged in limine litis, but only by way of argument on the exception of no right of action. The objection therefore was not sound, and should have been overruled, and the trial of the case allowed to be proceeded with according to law.

[2] The exception of no cause of action, which has been brought before us for review under defendants' answer to the ap-

peal, was leveled at the failure of plaintiff to allege that her minor daughter was mentally defective, or that she was lacking in discretion. Defendants argue that they cannot be held, because the girl alleged to have been seduced had reached the age of discretion, and was a voluntary party to the act. In support of their contention, they cite Overhultz v. Row, 152 La. 9, 92 So. 716, and that case, in turn, refers to Carson v. Slattery, 123 La. 825, 49 So. 586, as authority for the proposition. Neither of these cases is appropriate here. In the Carson Case the plaintiff was a mature woman of 30 years of age, and the facts showed that she was not seduced, but was a willing participant in the act. In the Overhultz Case, the court found that plaintiff had reached the age of discretion, and was voluntarily a party to the wrong by which she was seeking to profit. The inference to be drawn from the opinion is that she was the leading spirit in the affair. Plaintiff there was actually older than the defendant's son. She had passed her majority, and he was still a minor.

In the instant case, the petition affirmatively shows that at the time of the alleged seduction the injured female was under 18 years of age. She was therefore powerless of her own free will to engage in the sexual act, because, by virtue of the provisions of Act No. 192 of 1912, an unmarried female under the age of 18 years is incapable, legally, of consenting to coition. It is true, the statute is penal in its nature, but it is nevertheless declaratory of the public policy of this state that a female under the conditions set forth therein cannot be regarded as having reached the age of discretion, in so far as acts of sexual intercourse are concerned.

Our conclusion is therefore that the exception of no cause of action was correctly overruled.

For the reasons assigned, the judgment appealed from is set aside, and it is now ordered that this case be remanded to the district court to be further proceeded with in accordance with the views herein expressed; costs of this appeal to be paid by the defendants, all other costs to await the final disposition of the cause.

ST. PAUL, J., concurs in the decree.

O'NIELL, C. J. (dissenting). This is one of those cases where a judge must guard against letting his heart rule his head. The suit is for damages, ex delicto, against a man and his minor son, on the allegation that the son seduced the plaintiff's daughter, under the age of 18 years. It is not alleged that the girl had less than ordinary intelligence, or that she was under the age of discretion. She was lacking in discretion in this instance, which is the cause of her complaint. The rule applicable to contributory negligence is applicable to this case. When two persons join in the commission of a wrong, knowing what may be the natural consequence, neither is responsible to the other in damages for such consequence.

The fact that young Deshotels was guilty of a felony, if he was over the age of 17 years (which is not alleged), does not give the girl a cause of action for damages. She was morally, if not legally, a particeps criminis, though the statute (Act No. 192 of 1912) does not make her guilty of a crime. It will not do to say that, according to the statute, a girl under the age of 18 years cannot legally consent to sexual intercourse. What the statute says is that, if a person over the age of 17 years shall have carnal knowledge of an unmarried girl between the ages of 12 and 18 years, with her consent, he shall be deemed guilty of a felony. But it does not follow, by any means, that he is liable in damages to her for the natural consequence of what he has done with her consent. It seems anomalous to say that a person can have a right of action for damages resulting

from a criminal act which he or she consented to and participated in, and without whose consent and participation the crime could not have been committed.

The only suits for damages for seduction that have come to this court heretofore, as far as I know, were the two cases cited in the majority opinion in this case. Carson v. Slattery, 123 La. 825, 49 So. 586, and Overhultz v. Row, 152 La. 9, 92 So. 716. It is true that, in each of those cases, the plaintiff was above the age of majority but the ruling in each case rested, not upon that fact, but upon the broad principle that no one has a right of action for damages resulting from a wrongful act in which he or she participated.

In other jurisdictions the rule is that the parent has a right of action for damages against a seducer of a girl under the age of majority, if the seducer entered the parent's house illegally, as a trespasser, and debauched the girl. But the right of action in such cases is limited to the damages suffered by the innocent parent. The girl who has participated in the wrong has no right of action against the seducer, unless it is conferred expressly by the statute. 24 R. C. L. pp. 732, 733, and 739.

"At common law, a seduced female has no cause of action against her seducer, not only because she is a party to the wrongful act, but also because loss of service is indispensable to a right of recovery, and no one except those entitled to the services of the female can maintain an action for the seduction, the right of action being based solely upon the relation of master and servant." 35 Cyc. 1294.

Under article 1934 of the Civil Code, damages arising from a tort are recoverable "without calculating altogether on the pecuniary loss, or the privation of pecuniary gain," but there is nothing in the civil law contrary to the common-law rule that a woman who is seduced has no cause of action therefor, because she is a party to the wrongful act.

160 LA.—10

I respectfully dissent from the majority opinion in this case.

PER CURIAM. Rehearing denied.

ST. PAUL, J., dissents, and O'NIELL, C. J., adheres to his dissenting opinion.