124 P.3d 283 (2005)
156 Wash.2d 62
Certification from the United States District Court for the Eastern District of Washington in Leslie CHRISTENSEN, a minor; Gary Christensen and Kim Christensen, father and mother, individually and on behalf of their minor child, Plaintiffs,
v.
ROYAL SCHOOL DISTRICT NO. 160, a political subdivision; and Preston "Kent" Andersen, Defendants.
No. 75214-1.
Supreme Court of Washington, En Banc.
Argued September 23, 2004.
Decided December 8, 2005.
Robert Crotty, Burke Jackowich, Tami Wilcox, Kelly E. Konkright, Spokane, for Plaintiff.
David Soderland, Attorney at Law, Seattle, Michael McFarland, Attorney at Law, Spokane, Jennifer D. Homer, Gerald John Moberg, Brian A. Christensen, Jerry Moberg & Associates, Ephrata, for Defendant.
Rebecca Jane Roe, Seattle, Catherine Carroll, Olympia, for Amicus Curiae (Northwest Women's Law Center), for Amicus Curiae (Washington Coalition of Sexual Assault Programs).
Debra Leigh Williams Stephens, Bryan Patrick Harnetiaux, Spokane, for Amicus Curiae (Washington State Trial Lawyers Association Foundation).
*284 ALEXANDER, C.J.
¶ 1 The United States District Court for the Eastern District of Washington has certified the following question to this court:
May a 13 year old victim of sexual abuse by her teacher on school premises, who brings a negligence action against the school district and her principal for failure to supervise or for negligent hiring of the teacher, have contributory fault assessed against her under the Washington Tort Reform Act for her participation in the relationship?
Order of Certification to the Washington Supreme Court (Certification Order) at 1. We answer "no" to the question, concluding that, as a matter of law, a child under the age of 16 may not have contributory fault assessed against her for her participation in a relationship such as that posed in the question. This is because she lacks the capacity to consent and is under no legal duty to protect herself from the sexual abuse.

*285 I
¶ 2 The stipulated facts, as set forth in the Certification Order, indicate that Leslie Christensen was born on July 7, 1987. She is the daughter of Gary and Kim Christensen. In early 2001, Leslie was 13 years of age and a student in the eighth grade at the Royal School District's Royal Middle School. During that school year, the District employed 26-year-old Steven Diaz as a teacher at Royal Middle School. The principal of Royal Middle School at that time was Preston Andersen.
¶ 3 On February 12, 13, 22, and March 30, 2001, Diaz engaged in sexual activity with Leslie, who was one of his students. This activity occurred in Diaz's classroom. According to Diaz, Leslie voluntarily participated in a relationship with him and in the aforementioned activity.
¶ 4 Leslie and her parents brought suit against Diaz, the Royal School District (the District), and Principal Andersen in the United States District Court for the Eastern District of Washington. In their complaint, they claimed that Diaz sexually abused Leslie. Damages were also sought against the District and Andersen based on the allegation that the District and its principal, Andersen, were negligent in hiring and supervising Diaz.
¶ 5 In a responsive pleading, the District and Andersen asserted an affirmative defense that Leslie's voluntary participation in the sexual relationship with Diaz constituted contributory fault under the tort reform act, chapter 4.22 RCW. Leslie moved for partial summary judgment on this issue, seeking to strike the affirmative defense. The trial court deferred ruling on the motion pending an answer from this court to the certified question set forth above.

II
¶ 6 The certified question presents an issue of first impression. The parties assert numerous arguments in support of the answer they favor to the certified question. Because we answer the question on narrow grounds, we need not address all of their arguments.
¶ 7 The Washington Legislature enacted the tort reform act of 1981 in order to "create a fairer and more equitable distribution of liability among parties at fault." LAWS OF 1981, ch. 27, § 1 (codified at ch. 4.22 RCW). The act calls for the finder of fact to compare the respective fault of the claimant and defendant. RCW 4.22.005. Although the act provides that contributory fault does not bar recovery, as was the case prior to the act's adoption in 1981, contributory "fault" on the part of a claimant diminishes proportionally the amount of damages that the claimant can recover. Under the act, "fault" is defined as "acts or omissions . . . that are in any measure negligent or reckless toward the person or property of the actor or others" and includes an "unreasonable failure to avoid an injury or to mitigate damages." RCW 4.22.015 (emphasis added). A claimant's "negligence relates to a failure to use due care for his [or her] own protection whereas a defendant's negligence relates to a failure to use due care for the safety of others." Seattle-First Nat'l Bank v. Shoreline Concrete Co., 91 Wash.2d 230, 238, 588 P.2d 1308 (1978). The District and Andersen seek to compare their alleged negligence in hiring and supervising Diaz to Leslie's alleged failure to use care to avoid the abuse by "entering into or pursuing the relationship" with Diaz. Br. of Resp't at 20 n.6.
¶ 8 A showing of negligence requires proof of the following elements: (1) existence of a legal duty, (2) breach of that duty, (3) an injury resulting from the breach, and (4) proximate cause. See Degel v. Majestic Mobile Manor, Inc., 129 Wash.2d 43, 48, 914 P.2d 728 (1996); Tincani v. Inland Empire Zoological Soc'y, 124 Wash.2d 121, 127-28, 875 P.2d 621 (1994); W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 30, at 164-65 (5th ed.1984). The existence of a legal duty is a question of law and "`depends on mixed considerations of "logic, common sense, justice, policy, and precedent."'" Snyder v. Med. Serv. Corp., 145 Wash.2d 233, 243, 35 P.3d 1158 (2001) (quoting Lords v. N. Auto. Corp., 75 Wash.App. 589, 596, 881 P.2d 256 (1994) (quoting Hartley v. State, 103 Wash.2d 768, 779, 698 P.2d 77 (1985))).
*286 ¶ 9 The District and Andersen argue that contributory fault applies in this case because Leslie had a duty to protect herself against sexual abuse by an adult, a duty she allegedly ignored by voluntarily engaging in a sexual relationship with Diaz. We conclude that, as a matter of public policy, contributory fault does not apply in circumstances such as those described in the Certification Order. Our conclusion is compelled by two principal reasons. First, we are satisfied that the societal interests embodied in the criminal laws protecting children from sexual abuse should apply equally in the civil arena when a child seeks to obtain redress for harm caused to the child by an adult perpetrator of sexual abuse or a third party in a position to control the conduct of the perpetrator. Second, the idea that a student has a duty to protect herself from sexual abuse at school by her teacher conflicts with the well-established law in Washington that a school district has an enhanced and solemn duty to protect minor students in its care. We elaborate on this reasoning hereafter.

A.
¶ 10 Although the District and Andersen contend that a 13-year-old is capable of consenting to sexual relations, the legislature has rejected this notion in the criminal arena by adopting statutes which provide that an adult is guilty of a felony if he or she engages in sexual activity with a minor, even if the child victim "consented" to engage in the sexual conduct. See RCW 9A.44.073  .096 (statutes pertaining to child rape, child molestation, and sexual misconduct with a minor). Simply stated, such conduct is a strict liability offense in Washington. See State v. Knutson, 121 Wash.2d 766, 775, 854 P.2d 617 (1993). The obvious purpose of these criminal statutes is to protect persons who, by virtue of their youth, are too immature to rationally or legally consent. See State v. Clemens, 78 Wash.App. 458, 467, 898 P.2d 324 (1995) (citing State v. Dodd, 53 Wash. App. 178, 181, 765 P.2d 1337 (1989)).
¶ 11 While we acknowledge that the cause of action which has generated the instant certified question is a civil case and not a criminal case, the notion that minors are incapable of meaningful consent in a criminal law context should apply in the civil arena and command a consistent result. Our conclusion is in accord with rulings in several other jurisdictions that have addressed an issue similar to the one before us now. See Mary M. v. N. Lawrence Cmty. Sch. Corp., 131 F.3d 1220 (7th Cir.1997) (finding no distinction between criminal law and civil law in holding that as a matter of law, a 13-year-old student could not welcome the advances of a 21-year-old school employee); Doe ex rel. Roe v. Orangeburg County Sch. Dist. No. 2, 335 S.C. 556, 518 S.E.2d 259 (1999) (holding that a child's consent to sexual abuse is inadmissible in a civil case on the issue of liability for the same public policy reasons in the state's statutory rape laws); Bohrer v. DeHart, 943 P.2d 1220 (Colo.Ct.App.1996) (holding consent inadmissible as a defense in civil case because of the power imbalance between a child victim and a religious counselor); Wilson v. Tobiassen, 97 Or.App. 527, 534, 777 P.2d 1379 (1989) (holding that a minor's incapacity to consent under criminal law extends to civil law). It would, in our view, be a peculiar rule that consent by a child could be a viable defense against civil liability when the exact conduct does not provide a defense to a defendant in a criminal case.
¶ 12 The District and Andersen contend that contributory fault applies because "Washington has a long history of holding children responsible for their comparative negligence" and that Leslie had a duty to protect herself against sexual abuse but failed to do so. Br. of Resp't at 11. In support of this contention, they cite several cases where contributory fault has been applied against a child. Id.[1] Although the District *287 and Andersen correctly pointed out that Washington does apply contributory fault and the duty of protecting oneself to children in some instances, the cases that they cite are not germane to our inquiry, as none involve sexual abuse. The act of sexual abuse is key here. As indicated above, our public policy is directed to protecting children from such abuse.

B.
¶ 13 The District and Andersen argue, additionally, that Diaz's intentional conduct is not relevant on the issue of their own alleged negligence and that their fault, if any, should be compared with Leslie's fault. The flaw in this argument is that the District and Andersen's failure to supervise and control Diaz's intentional conduct is central to the District and Andersen's duty to protect Leslie.
¶ 14 In a similar case from another jurisdiction, a child victim of sexual abuse sued a church, its bishop, and the diocese. The plaintiff alleged that the defendants negligently hired, supervised, and retained a priest despite their knowledge of the priest's pedophilic disposition. The Pennsylvania Superior Court, an appellate court, held that the doctrine of contributory negligence did not have any application because the acts of sexual molestation were intentional and it was those acts which "must be compared." Hutchison ex rel. Hutchison v. Luddy, 2000 PA Super 316, 763 A.2d 826, 848 ¶ 93 (2000). The Pennsylvania court went on to say that "comparative negligence [was] only an appropriate consideration in matters where there is negligence on the part of both the plaintiff and the defendant involved in causing the harm that results, not where the conduct of one is willful." Id. (emphasis added). The court reasoned that to hold otherwise would "`be the equivalent of characterizing the sexual molestation of children as a negligent act caused by being in the wrong place at the wrong time instead of characterizing it as an intentional act resulting from the repugnant conduct of the molester.'" Id. ¶ 92 (quoting Erie Ins. Exch. v. Claypoole, 449 Pa.Super. 142, 673 A.2d 348, 356 (1996)). We agree with the reasoning of the Pennsylvania Superior Court that a defense of contributory fault should not be available to the perpetrator of sexual abuse or to a third party that is in a position to control the perpetrator.
¶ 15 Our conclusion that the defense of contributory negligence should not be available to the Royal School District and Principal Anderson is in accord with the established Washington rule that a school has a "special relationship" with the students in its custody and a duty to protect them "from reasonably anticipated dangers." Niece v. Elmview Group Home, 131 Wash.2d 39, 44, 929 P.2d 420 (1997) (citing McLeod v. Grant County Sch. Dist. No. 128, 42 Wash.2d 316, 320, 255 P.2d 360 (1953)). The rationale for imposing this duty is on the placement of the student in the care of the school with the resulting loss of the student's ability to protect himself or herself. Niece, 131 Wash.2d at 44, 929 P.2d 420. The relationship between a school district and its administrators with a child is not a voluntary relationship, as children are required by law to attend school. See McLeod, 42 Wash.2d at 319, 255 P.2d 360. Consequently, "the protective custody of teachers is mandatorily substituted for that of the parent." Id.
¶ 16 In sum, because we recognize the vulnerability of children in the school setting, we hold, as a matter of public policy, that children do not have a duty to protect themselves from sexual abuse by their teachers. Moreover, we conclude that contributory fault may not be assessed against a 13-year-old child based on the failure to protect herself from being sexually abused when the defendant or defendants stand in a special relationship to the child and have a duty to protect the child. See Ellen M. Bublick, Comparative Fault to the Limits, 56 VAND. L. REV. 977, 1004 (2003). Andersen and the District had a clear duty to protect students in their custody, and this duty encompassed the obligation to supervise and control Diaz.
*288 ¶ 17 In reaching the conclusion that we do, we are not unmindful of the dissent by Justice Sanders in which he says that contributory fault should be assessed against Leslie Christensen because the school district "did take steps to protect the female student [Leslie Christensen]," but that she "lied about her involvement with the teacher, thwarting the school district's efforts to protect her." Dissent by Sanders, J., at 294 (emphasis omitted). As the Christensens' counsel points out in a reply brief, that fact is disputed, was not stipulated to by the parties, and is not reflected in the Certification Order. Pls.' Reply Br. at 1-2; see Certification Order at 2. Furthermore, we have not said in this opinion that the school district should be precluded from defending on the basis that it was not negligent. The fact that it may not, under Washington law, assert that the 13-year-old child was contributorily negligent should not bar it from claiming at trial that it was careful in hiring and supervising the child's teacher and, thus, was without negligence. If, indeed, the District was thwarted in its efforts to ascertain if Leslie Christensen was abused by her teacher, that fact would likely be relevant on the issue of its alleged negligence. That, though, is not a question before us. Rather, it is a question to be resolved in federal court.

III
¶ 18 In sum, we hold that contributory fault may not be assessed against a 13-year-old child when that child brings a civil action against a school district and school principal for sexual abuse by her teacher. The child, in our view, lacks the capacity to consent to the sexual abuse and is under no duty to protect himself or herself from being abused.[2] An opposite holding would, in our judgment, frustrate the overarching goals of prevention and deterrence of child sexual abuse. Accordingly, we answer no to the question propounded to us by the United States District Court.
WE CONCUR: C. JOHNSON, BRIDGE, CHAMBERS, OWENS, FAIRHURST, JJ, and IRELAND, J. Pro Tem.
MADSEN, J., concurring in part and dissenting in part.
SANDERS, J., dissenting.
MADSEN, J., concurring in part and dissenting in part.
¶ 19 I agree with the majority that a student under the age of 16 may not have contributory fault assessed against her based on her conduct in participating in a sexual relationship with a teacher. This is so for two reasons: (1) she lacks the capacity to consent to the sexual relationship, and (2) the teacher's sexual conduct is intentional. Contributory fault is not available to reduce damages caused by intentional conduct. Thus, I agree entirely with the majority that a claim of contributory fault is not available to Steven Diaz, the teacher. However, I disagree that a 13-year-old student claiming negligent hiring and negligent supervision against a school district and school officials is under no legal duty to exercise reasonable care for her own safety or is immune from the requirement she reasonably avoid injury or mitigate damages. Her capacity to do so should be left to the jury to decide.
¶ 20 In this case, the school district and Principal Preston Andersen allege that the student lied to her parents and school officials about her encounter with Diaz. Nevertheless, the majority denies these defendants the opportunity to demonstrate that the student's conduct, denying any sexual contact *289 with the teacher, contributed to her injuries allegedly caused by the defendants' negligent hiring and supervision of the teacher. In its reasoning, the majority blurs the distinction between intentional and negligent conduct, confuses the multiple defendant parties in this action, and ignores the importance of the facts suggesting that the student lied to her parents and school officials about the sexual relationship with the teacher. The majority's holding is overly broad and effectively holds the school district and the principal liable for the intentional conduct of the codefendant teacher.

ANALYSIS
¶ 21 In 1981, the legislature replaced the prior comparative negligence statute, former RCW 4.22.010 (1973), repealed by LAWS OF 1981, ch. 27, § 17, with the current contributory fault provision as part of the Tort Reform Act with the purpose of creating a "fairer and more equitable distribution of liability among parties at fault." LAWS OF 1981, ch. 27, § 1. Under RCW 4.22.005, any contributory fault chargeable to the claimant diminishes proportionately the amount of damages in an action based on fault. "Fault" is defined as "acts or omissions . . . that are in any measure negligent or reckless toward the person," and the term "fault" also includes an "unreasonable failure to avoid an injury or to mitigate damages." RCW 4.22.015. "A comparison of fault for any purpose under RCW 4.22.005 through 4.22.060 shall involve consideration of both the nature of the conduct of the parties to the action and the extent of the causal relation between such conduct and the damages." Id.
¶ 22 Thus, the contributory fault statute encompasses a broader range of plaintiff conduct than the earlier provision and includes negligence[1], assumption of risk, strict liability, unreasonable failure to avoid injury, and unreasonable failure to mitigate damages. See 16 DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE: TORT LAW AND PRACTICE §§ 8.1-8.2, at 182-84 (2d ed.2000). Assessing the contributory fault in an action for negligence is generally a question of fact for the jury. Bauman v. Crawford, 104 Wash.2d 241, 704 P.2d 1181 (1985).
¶ 23 The majority, though, reasons that because a school has a duty to protect students in its custody from reasonably anticipated dangers, students do not have a duty to protect themselves, relying on Niece v. Elmview Group Home, 131 Wash.2d 39, 929 P.2d 420 (1997). In Niece, a developmentally disabled woman was sexually assaulted by a staff member at a group home. The woman brought a negligence action for damages against the group home for failure to protect, negligent supervision, and vicarious liability for the staff member's actions. While normally there is no affirmative duty to prevent a third party from harming another, this court held that the group home had a duty to take reasonable precautions to protect the woman from the foreseeable consequences of her impairments, including possible sexual assaults by staff. Id. at 45-46, 929 P.2d 420. The court stated that the special relationship between the woman and the group home was akin to the relationships between schools and students, innkeepers and guests, and hospitals and patients. Id. at 44-45, 929 P.2d 420. If a special relationship is present, a party has a duty to prevent harms caused by the intentional or criminal conduct of third parties. Id. at 44, 929 P.2d 420.
¶ 24 The underlying rationale in Niece for the affirmative duty of a defendant in a protective special relationship is that the plaintiff is placed in the care of the defendant. Id. The majority takes this rationale and summarily concludes that students cannot be assessed with contributory fault because they have no duty to protect themselves. However, Washington cases discussing the effect of a protective special relationship between a plaintiff and a defendant on liability have done so in the context of establishing the duty of the defendant, not barring a claim of contributory fault. See Hutchins v. 1001 Fourth Ave. *290 Assocs., 116 Wash.2d 217, 228, 802 P.2d 1360 (1991) (discussing situations where a defendant has a special relationship with a foreseeable victim giving rise to a duty to protect the person from physical injury resulting from the conduct of third parties); McLeod v. Grant County Sch. Dist. No. 128, 42 Wash.2d 316, 319-20, 255 P.2d 360 (1953) (discussing the duty of a school district to protect students from reasonably anticipated dangers).
¶ 25 The majority is correct that schools and children stand in a special relationship in which schools have a duty to protect children. Contrary to the majority's holding, however, the existence of that special relationship does not absolve a plaintiff of the duty to protect herself. Washington courts have repeatedly apportioned damages based on the contributory fault of plaintiffs in protective special relationships with defendants. See Yurkovich v. Rose, 68 Wash.App. 643, 847 P.2d 925 (1993) (13-year-old girl assessed with contributory fault in an action against a school district alleging negligence by a bus driver); Pearce v. Motel 6, Inc., 28 Wash.App. 474, 480, 624 P.2d 215 (1981) (finding that a jury could have considered evidence of the care and attention exercised by a motel guest for her own safety in a negligence action against the motel).
¶ 26 In determining that contributory fault is never available because students do not have a duty to protect themselves from sexual abuse, the majority opinion too broadly excludes all theories of contributory fault defined in RCW 4.22.015. As discussed above, the term "fault" under RCW 4.22.015 encompasses a plaintiff's unreasonable failure to avoid an injury or to mitigate damages. In personal injury cases, "[a] person who is liable for an injury to another is not liable for any damages arising after the original [injury] [event] that are proximately caused by failure of the injured person to exercise ordinary care to avoid or minimize such new or increased damage." 6 WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 33.01, at 359 (5th ed.2005) (alterations in original). An injured person must use reasonable means under the circumstances to avoid or minimize damages. Cobb v. Snohomish County, 86 Wash.App. 223, 230, 935 P.2d 1384 (1997). "A person against whom another has committed a tort cannot recover for harm that would not have ensued if he had not unreasonably refused the offer of the tortfeaser, made in good faith, to prevent the harm." RESTATEMENT (SECOND) OF TORTS § 918 cmt. i, at 506 (1979).
¶ 27 Applied here (assuming the truth of the defendants' allegations as we must at this juncture), the district and the school officials questioned the student in order to meet their duty to supervise Diaz and, thus, prevent harm or further harm ensuing from any negligence in hiring or supervising Diaz. The jury should be permitted to determine whether the student unreasonably rebuffed the schools' efforts to prevent that harm or whether, under the circumstances, she lacked the capacity to do so.[2]
¶ 28 The majority errs in concluding that no fault may be assessed against the student because she had no duty to protect herself. RCW 4.22.015 includes multiple theories of fault, and a plaintiff's duty is not corresponding under all theories. Under the theory of contributory fault that a plaintiff unreasonably failed to avoid injury or to mitigate damages, a defendant must establish that a plaintiff did not use reasonable means under the circumstances to avoid or minimize damages. Thus, facts indicating that the student did not tell school officials or her parents about the sexual relationship when asked prior to the last sexual encounter with the teacher should be submitted to the jury for its determination whether the student used reasonable means under the circumstances to avoid or minimize damages.
¶ 29 To justify categorically baring contributory fault in this case, the majority subsumes the alleged negligent conduct of the school district and the principal into the intentional *291 conduct of the teacher. The majority relies on Hutchison ex rel. Hutchison v. Luddy, 763 A.2d 826 (Pa.Super.Ct.2000), to support its contention that the sexual abuse committed by Diaz is inseparable from the school district and the principal's duty to protect the student. In Hutchison, a Pennsylvania appellate court reasoned that because a priest's intentional conduct in molesting children was central to the negligent hiring, supervision, and retention alleged on the part of a church, bishop, and diocese, comparative negligence was inapplicable. Id. at 848. The court stated that "comparative negligence is only an appropriate consideration in matters where there is negligence on the part of both the plaintiff and the defendant involved in causing the harm that results, not where the conduct of one is willful." Id.
¶ 30 Under Washington law, the defense of contributory fault is not available to Steven Diaz and will not reduce the amount of damages for which he is liable. Intentional conduct is not included within the definition of fault under RCW 4.22.015, and it is clear that this omission by the legislature was purposeful. The final report from the Senate Select Committee on Tort and Product Liability Reform states that "[t]he idea is to permit the trier of fact to consider all the conduct short of what would be considered an intentional tort and make a reduction of the plaintiff's recovery for his or her share." 1 SENATE JOURNAL, 47th Leg., Reg. Sess., at 635 (Wash.1981). This court has found that "intentional torts are part of a wholly different legal realm and are inapposite to the determination of fault pursuant to RCW 4.22.070(1)." Price v. Kitsap Transit, 125 Wash.2d 456, 464, 886 P.2d 556 (1994); see Tegman v. Accident & Med. Investigations, 150 Wash.2d 102, 110, 75 P.3d 497 (2003).
¶ 31 The majority's conclusion that the teacher's conduct is relevant in determining whether the defense of contributory fault is available to the school district and the principal, hinges on the single appellate court decision from Pennsylvania, Hutchison, which is flawed by a conclusory analysis and little support. Additionally, the reasoning of Hutchison is inapposite under Washington law because it effectively imputes the teacher's intentional conduct to the school district and Principal Andersen. In focusing on the teacher's intentional conduct, the majority appears to ignore the nature of the student's claim that is at issue here, negligent hiring and negligent supervision by the school district and the principal. It is axiomatic that sexual abuse is of a "wholly different legal realm" than unintentional torts and that there are public policies weighing against apportioning fault to the student for this intentional tort. However, under RCW 4.22.015, comparison of fault involves consideration of the nature of the party's conduct and the extent of the causal relation between such conduct and the damages. The statute allows the trier of fact to compare conduct short of what would be considered an intentional tort to reduce the plaintiff's recovery. Because RCW 4.22.015 does not include intentional conduct for the purposes of comparing fault, Diaz's conduct cannot determine contributory fault as between the student and the school district and the principal.
¶ 32 A jury should not be precluded from inquiring whether, through her conduct, the student failed to avoid injury caused by the alleged negligence of the school in hiring or supervising Diaz. There is a question of fact whether the student lied to her parents and school officials about her relationship with Steven Diaz. Specifically, the defendants argue that school officials questioned the student prior to the final sexual encounter between her and Diaz, and the student denied that she was in a sexual relationship with him. Under the majority's analysis, the question of whether these actions hindered the school district and the principal from fulfilling their duty to protect the student and contributed to her injury cannot be considered by the jury in assessing fault. In effect, the student and her parents will be able to recover monetary damages from the district and the principal for negligent hiring and negligent supervision for failing to fulfill a duty the student may have obstructed them from fulfilling. I respectfully dissent.
SANDERS, J., dissenting.
¶ 33 The majority opines a teacher defending a civil liability suit for having sex with a *292 minor cannot raise consent as a defense and further holds a school district which attempts to investigate the incident cannot raise contributory negligence as a defense against the child who undermines the investigation.[1] The majority offers two rationales: first, the criminal code does not allow consent as a defense to prosecution for sex crimes with a minor; and second, schools have a special duty to protect their students. Majority 286.

Consent
¶ 34 The majority is unquestionably correct that consent is not a defense to criminal prosecution for sex crimes with a minor. See RCW 9A.44.073.096. However, merely because the criminal code prohibits a particular defense does not mean the same defense is inappropriate in the civil context. The fundamental purpose of the criminal justice system is to punish wrongdoers, with tangential benefits of deterrence, protection, and rehabilitation. The primary purpose of the civil tort system is to compensate injured persons. See DAVID K. DEWOLF & KELLER W. ALLEN, 16 WASHINGTON PRACTICE, TORT LAW AND PRACTICE § 5.1, at 124 (2000) ("`The guiding principle of tort law is to make the injured party as whole as possible through pecuniary compensation.'" (quoting Pugel v. Monheimer, 83 Wash.App. 688, 692, 922 P.2d 1377 (1996))).[2]
¶ 35 Other states have recognized these differing purposes. In Cynthia M. v. Rodney E., 228 Cal.App.3d 1040, 279 Cal.Rptr. 94 (1991), the parents of a 16-year-old girl sued the parents of a boy, also a minor, who impregnated the girl during consensual intercourse. The girl's parents sought reimbursement for medical bills arising out of the birth and attendant complications with the baby. A California statute allowed suit against the parents for the willful misconduct of their child, but the court held that consensual sexual intercourse is not willful misconduct. Like that in Washington, consent in California is not a defense to criminal prosecution for rape of a child. Nevertheless, the court reasoned the civil law serves a different purpose from the criminal law, commenting "[t]here is no hard-and-fast rule as to the age at which a person attains the capacity to consent to bodily invasions." Id. at 1045, 279 Cal.Rptr. 94. The court quoted Prosser and Keeton: "`A minor acquires capacity to consent to different kinds of invasions and conduct at different stages in his development. Capacity exists when the minor has the ability of the average person to understand and weigh the risks and benefits.'" Id. (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 18, at 115 (5th ed.1984)).
¶ 36 Georgia and Maryland also distinguish between consent in the criminal and civil contexts. See McNamee v. A.J.W., 238 Ga. App. 534, 537-38, 519 S.E.2d 298 (1999); Tate v. Bd. of Educ., 155 Md.App. 536, 547, 843 A.2d 890 (2004). After noting that consent is not a defense to criminal prosecution, the Maryland court held:
It is not that an underage victim cannot consent to the sexual conduct. The crime is not predicated upon the victim's unwillingness to participate, but rather upon the societal notion that a child of tender years has not yet been able to form the necessary sophistication to fully comprehend the potentially adverse effects of sexual activity. We have found no authority for the proposition that the legal impediment to the defense of consent in the criminal court is equally applicable in the civil court.
Tate, 155 Md.App. at 547-48, 843 A.2d 890. Likewise, a New York court reasoned:
It is one thing to say that society will protect itself by punishing those who consort with females under the age of consent; it is another to hold that, knowing the nature of her act, such female shall be rewarded for her indiscretion. Surely *293 public policy . . . will not be vindicated by recompensing her for willing participation in that against which the law sought to protect her. The very object of the statute will be frustrated if by a material return for her fall "we should unwarily put it in the power of the female sex to become seducers in their turn." (Smith v. Richards, 29 Conn. 232[, 240 (1860)].) Instead of incapacity to consent being a shield to save, it might be a sword to desecrate. The court is of the opinion that a female under the age of eighteen has no cause of action against a male with whom she willingly consorts, if she knows the nature and quality of her act.
Barton v. Bee Line, Inc., 238 A.D. 501, 502-03, 265 N.Y.S. 284 (N.Y.App.Div.1933); see also LK v. Reed, 631 So.2d 604, 607 (La.Ct. App.1994) ("`It seems anomalous to say that a person can have a right of action for damages resulting from a criminal act which he or she consented to and participated in, and without whose consent and participation the crime could not have been committed.'") (quoting Brunet v. Deshotels, 160 La. 285, 107 So. 111, 113 (1926) (O'Niell, C.J., dissenting)).

Contributory Negligence
¶ 37 Washington law holds minors responsible for contributory negligence in many contexts. See Robinson v. Lindsay, 92 Wash.2d 410, 412, 598 P.2d 392 (1979) (holding a child to an adult-standard of care when operating dangerous equipment); Graving v. Dorn, 63 Wash.2d 236, 238-39 & n. 2, 386 P.2d 621 (1963) (concluding that children over the age of six may be contributorily negligent after reviewing 40 Washington Supreme Court cases); Berry v. Howe, 39 Wash.2d 235, 238, 235 P.2d 170 (1951) ("[A] boy of appellant's age [11] and experience presents a question of fact as to his capacity for contributory negligence."); Brown v. Derry, 10 Wash.App. 459, 464, 518 P.2d 251 (1974) ("Although a boy 16 years of age is not to be held to the same degree of care to which a person of mature years is held, he nevertheless is bound to use the reason and knowledge which he possesses and to exercise the degree of care of which he is capable.").
¶ 38 The majority dismisses these cases because they do not involve sexual conduct. Majority at 287. I fail to see why a minor can be contributorily negligent for driving a snowmobile but cannot be contributorily negligent in a negligence action relating to sexual misconduct. Generally contributory negligence is a question of fact for the jury. Bauman v. Crawford, 104 Wash.2d 241, 244, 704 P.2d 1181 (1985) ("[T]he decision in this case applies only to minors 6 to 16 years of age. Generally, contributory negligence of minors in this age group is a question for the trier of fact.").
¶ 39 But under the majority's rule, a 15-year-old girl can seduce a male teacher, and then sue the school district for damages knowing she cannot be found contributorily negligent in the school district suit as a matter of law. As the New York court noted, this provides a powerful incentive to engage in sexual misconduct. We are deceiving ourselves if we think children are unable to understand the risks and potential rewards. Perhaps some are not, but that is why a jury determines this question as a matter of fact in each case. If a minor understands the nature of her action, she should share the responsibility. This does not negate the responsibility of the school district, but merely allows a jury to apportion the liability among the parties. I see no reason to deviate from our standard rule on contributory negligence for minors in negligence cases involving sexual activity.
¶ 40 The majority appeals to a school's duty to protect students. Majority at 287-88. Well and good. However, merely because a school must protect the children in its care does not relieve the students of any personal responsibility for their own conduct. Children should not be allowed to take advantage of the school's duty by forcing it to pay damages for injuries invited by the student or injuries which the district could have prevented but for obstruction by the student. Such a rule is inequitable and excuses all manner of mischief. Today the school district is liable for a teacher's malfeasance; tomorrow it will be liable for another student's sexual advances. In either case the *294 school district is breaching its duty to protect. Under the majority's rule, it does not matter if the "victim" consented to, or even initiated, the sexual activity. And it doesn't matter that the student actively undermined the district's good faith investigation to rectify the problem. A jury should be allowed to determine, in each case, whether the minor had the capacity to understand the nature of her act and apportion liability accordingly.
¶ 41 This school district did take steps to protect the female student. School officials met with the girl and her parents to determine if anything untoward was occurring with the teacher. The girl, however, allegedly lied about her involvement with the teacher, thwarting the school district's efforts to protect her. She may be below the age of consent, but not below the age of honesty. Yes, school districts must protect their students, but students must cooperate. If a student undermines school officials' actions to protect her, she must bear at least some of the fault for resulting injury. If the girl lied, this is contributory negligence on her part and a proper defense for the school district.[3]
¶ 42 The majority is unclear whether its newly found rule is limited to situations involving students and teachers, or if it also applies when there is no special relationship between the parties. See majority at 284-85, 288. If the majority's holding embraces the latter, then it is fraught with disaster. Minor prostitutes could sue for damages without facing affirmative defenses, as could a junior high student having sexual contact with a high school student. The list goes on. If we divorce civil liability from personal responsibility, then the limits of the former are dictated only by the imaginations of the minors perpetrating or participating in these acts.
¶ 43 I would answer the certified question in the affirmative and dissent.
NOTES
[1] The District, Andersen, and the dissent by Justice Sanders all direct our attention to: Robinson v. Lindsay, 92 Wash.2d 410, 413, 598 P.2d 392 (1979) (holding that when activity a child engages in is inherently dangerous, like operating dangerous machinery, the child should be held to an adult standard of care); Berry v. Howe, 39 Wash.2d 235, 238, 235 P.2d 170 (1951) (affirming the trial court's finding that an 11-year-old caddy was guilty of contributory negligence for failing to protect himself from being hit in the eye by a golf ball); Brown v. Derry, 10 Wash.App. 459, 464, 518 P.2d 251 (1974) (affirming the trial court's holding that a 16-year-old was guilty of contributory negligence for injuries he sustained from riding on the trunk of a moving car while wearing a wetsuit). As the dissent observes, these cases "do not involve sexual conduct." Dissent by Sanders, J., at 293.
[2] Justice Madsen concedes in her dissent that the teacher, Diaz, may not seek to have contributory fault assessed against his former student based on the student's participation in a sexual relationship with him. Justice Madsen concludes, however, that the District should not be precluded from asserting and proving that the student was at fault in not exercising "reasonable care for her own safety" or failing to "avoid injury or mitigate damages." Dissent by Madsen, J., at 288. It would, in our view, be an unsatisfactory rule that such alleged failures by a child could be considered contributory fault as to one alleged tortfeasor (the District) and not to another (the teacher). RCW 4.22.015. In our view, a child who has been sexually abused by her teacher should not have her recovery against her abuser, and those who had a duty to protect her from the abuse, diminished by any alleged failure to exercise reasonable care or otherwise avoid the injury.
[1] The comparative negligence statute, former RCW 4.22.010, only compared negligent conduct.
[2] "Washington has long recognized the special standard of care applicable to children: a child's conduct is measured by the conduct of a reasonably careful child of the same age, intelligence, maturity, training and experience." Bauman, 104 Wash.2d at 244, 704 P.2d 1181. The question of whether a child between the ages of 6 and 17 has the capacity necessary to be assessed contributory fault is generally a question of fact for the jury. Id.
[1] I accept Justice Madsen's well-reasoned distinction between defenses to intentional vis-à-vis negligent conduct, however as to the former, I would recognize the availability of consent as a defense to civil liability.
[2] Despite the majority's statement that civil law is intended to punish, majority at 286, Washington law disfavors punitive damages absent specific statutory authorization. See Dailey v. N. Coast Life Ins. Co., 129 Wash.2d 572, 575, 919 P.2d 589 (1996).
[3] The majority feels obliged to note the fact of Christensen's lying is in dispute. Majority at 288. Such a claim is irrelevant to the majority's blanket rule, and hence I am unsure why the majority takes the trouble to mention it.