writ will not lie where a "plain, speedy and adequate remedy is available." Utah R. Civ. P. 65B(a). We therefore dismiss the Petition for Extraordinary Writ.

2007 UT 88

## Jens P. FUGAL, Petitioner,

v.

## The Honorable Fred HOWARD, Judge of the Fourth District Court, Utah County, Respondent.

### No. 20070128.

Supreme Court of Utah.

Nov. 2, 2007.

Jens P. Fugal, pro se petitioner.

Brent M. Johnson, Salt Lake City, for respondent.

PER CURIAM:

¶ 1 Petitioner has requested relief from this court in the form of an extraordinary writ. He has challenged an order by the trial court in the case of *Ohio Casualty Insurance Co. v. Young, Pontiac, Cadillac, GMC Truck Co.* finding him in contempt of court and removing him as counsel in that case as a sanction. A contempt sanction is subject to an appeal in the case in chief. *See, e.g., Utah Farm Prod. Credit Ass'n v. Labrum,* 762 P.2d 1070, 1074–75 (Utah 1988) (recognizing that every court has the power to compel obedience to its orders and, upon ordinary appellate review, upholding a contempt order issued by the trial court); *State v. Clark,* 2005 UT 75, ¶ 17, 124 P.3d 235 (similarly upholding the trial court's finding of contempt). Therefore a legal remedy was available to petitioner. An extraordinary