

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

JAMES HOPKINS, JR.,          )    No. 73147-5-I
                                   )
           Appellant,   )
                                   )
            v.                )    UNPUBLISHED OPINION
                                   )
SEATTLE PUBLIC SCHOOL DISTRICT )
NO. 1,                           )
                                   )
          Respondent. )    FILED: July 18, 2016

SCHINDLER, J. — It is well established that a school district has a special relationship and a duty to use reasonable care to protect students in its custody from foreseeable harm. James Hopkins Jr. appeals the verdict in favor of Seattle Public School District No. 1 (School District). Hopkins contends the trial court erred in refusing to instruct the jury on the special relationship and duty of the School District. Because the court's instructions allowed the jury to apply an ordinary negligence standard without regard to the special relationship and duty of the School District, we reverse the judgment on the verdict, and remand for a new trial.

FACTS

In 2006, James Hopkins Jr. and E.E. were students at Aki Kurose Middle School. E.E. attended special education classes except for physical education (PE). On June 7,

2006, E.E. and Hopkins were in the boys' locker room after PE class. E.E. punched Hopkins in the back of his head. Hopkins fell to the ground and broke his jaw.

On November 1, 2013, Hopkins filed a lawsuit against Seattle School District No. 1 (School District). Hopkins asserted claims for negligence and negligent supervision. The complaint alleged the School District knew E.E. "was a danger to himself and/or others." The complaint alleged the School District "owed a duty to Hopkins to supervise its employees to ensure Hopkins would be free from physical harm while under the custody and control" of the School District. The School District denied the allegations and asserted a number of affirmative defenses.

In his motion for summary judgment on liability, Hopkins cited the leading case on the special relationship and the duty the School District owed to protect him from foreseeable harm, McLeod v. Grant County School District No. 128, 42 Wn.2d 316, 255 P.2d 360 (1953). Hopkins argued the undisputed facts showed the School District breached the duty to protect him from foreseeable harm.

The School District conceded that "[w]ith respect to the duty element, there is no dispute" that a school district has the duty to exercise reasonable care when supervising students in its custody. The School District argued there were material questions of fact regarding foreseeability. The court denied summary judgment on liability.

At the beginning of trial, the court described the claims to the jury:

> The plaintiff, Mr. James Hopkins, whom you were introduced to, claims that the Seattle Public School is at fault for injuries he sustained as a result of a June 2006 assault by a fellow middle school student whose initials are E.E. The plaintiff alleges Seattle Public School District owed a duty of reasonable care to protect him and breached this duty by failing to prevent E.E. from assaulting him in June 2006. He claims this breach of duty was a cause of the June 2006 assault and his injury.

Defendant public school district denies it breached a duty to use reasonable care to prevent students — student-to-student assaults. Seattle Public School District further denies that its alleged actions or failures to act caused the assault or plaintiff's injury. Seattle Public School District also denies the nature and extent of damages plaintiff claims were caused by the assault.

In addition, Seattle Public School District claims that the plaintiff was contributorially negligent in provoking the assault and by failing to mitigate or reduce his damages, and that the assailant, known by the initials E.E., was the proximate cause of plaintiff's injury. The plaintiff denies these claims.

In opening statement, Hopkins' attorney told the jury: "The school district has an obligation to protect all students from foreseeable harm." The attorney asserted the School District "was negligent by failing to supervise a special ed kid" they knew was likely to assault other students and in failing to protect Hopkins from the attack.

The School District told the jury that it exercised reasonable care in supervising E.E. and could not have prevented the spontaneous and impulsive assault that was provoked by Hopkins.

Near the end of trial, the parties addressed the proposed jury instructions.

Hopkins' attorney objected to the instructions proposed by the School District because the instructions did not include an instruction on the special relationship and duty the School District owed to students or foreseeability. Hopkins argued the court should give the instructions he proposed on the duty of the School District to exercise reasonable care to prevent foreseeable harm. Hopkins proposed giving the following instructions:

Instruction 8:

A school official stands in the place of a parent when the student is in the school's custody. The placement of children under a school's custody and control gives rise to a duty on the part of the school to exercise ordinary care to protect students in its custody from reasonably

anticipated dangers, including from the intentional or criminal conduct of third parties.

Instruction 9:

Negligence is the failure to exercise ordinary care. Ordinary care is that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances or conditions. A school district fails to exercise ordinary care to protect students if it fails to anticipate dangers that may reasonably be anticipated or to take reasonable precautions to prevent the harm from occurring.

Instruction 10:

Whether a risk of harm is reasonably foreseeable under the same or similar circumstances depends upon the particular defendant's characteristics and experience. Where the disturbed, aggressive nature of a child is known to school authorities, proper supervision requires the taking of specific, appropriate procedures for the protection of other children from the potential for harm caused by such behavior.

The School District attorney objected to Hopkins' proposed instructions as incorrect, misleading, and argumentative.

The School District asserted the pattern instructions based on 6 Washington Practice: Washington Pattern Jury Instructions: Civil (6th ed. 2012) (WPI) accurately stated the "duty is to exercise ordinary care, to reasonably supervise students within its custody. That's the duty at issue."[1] The School District argued the court should give its proposed instructions including the WPI on negligence and ordinary care:

Instruction 8:

Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances.

See WPI 10.01, at 124. Instruction 9: "Ordinary care means the care a reasonably

---

[1] Internal quotation marks omitted.

careful person would exercise under the same or similar circumstances." See WPI 10.02, at 126.

Hopkins did not object to giving the WPI on ordinary care but argued it was "critical" to give his proposed jury instructions on the special relationship and duty of the School District.

> This language is taken from the cases that are cited. This is about the special relationship. And that's what this case is all about — I mean, that's a critical piece to Plaintiff's case is that when Mr. Hopkins stepped out of — off the bus or stepped onto the bus out of his family home and then was in the school, he had a relationship with the school in — that's akin under the law as between him and his parents. Uh, that's absolutely supported in the law. And that relationship, gives ri[s]e to the — to a special obligation to — from the school to protect him.
>
> . . . .
>
> . . . And I think it's very important for the Court to instruct the jury on this special relationship that Mr. Hopkins had and the obligations that arise on the school because of that.
>
> . . . .
>
> The jury needs to understand the special relationship between the school and its students. And I think it's appropriate to explain what negligence and ordinary care means in the context of that school. I think that's another very important part of it.

The next day, the court provided the parties with a copy of the court's proposed jury instructions. The court's proposed instructions included the WPI on negligence and ordinary care.[2] The court's proposed instructions did not include an instruction on the special relationship and duty of the School District to protect students in its custody or on foreseeability.

---

[2] In addition to WPI 10.01 and 10.02, the court also included an instruction based on WPI 12.07.

> Every person has the right to assume that others will exercise ordinary care and comply with the law and a person has a right to proceed on such assumption until he or she knows, or in the exercise of ordinary care should know, to the contrary.

See WPI 12.07, at 159.

Hopkins filed a memorandum objecting to the failure of the court to include a jury instruction on the duty the School District owed to a student and on foreseeability. Hopkins argued it was error for the court to refuse to instruct the jury on the duty of the School District to protect a student from foreseeable harm.

When trial reconvened, the parties addressed the court's proposed instructions.

The School District argued a school has the duty of ordinary care and a separate instruction on the special relationship was unnecessary.

> [W]hat the cases say is that school districts have a duty of ordinary care to their students. The reason why they have that duty of ordinary care is because of this special relationship. Therefore, it's not necessary to instruct the jury that, yeah, they have a special relationship. That's just the [basis] for whether it's the duty of ordinary care.

Hopkins objected to the court's instructions. Hopkins argued the court had to instruct the jury on the duty of the School District and foreseeability.

> This is not a cookie cutter case. This involved misconduct of an intentional actor, and it involves a school district that has a special relationship and obligation to Mr. Hopkins. I believe it would be error for the Court not to instruct the jury on the specific duty owed by the school district and provide some instruction on what the duty means when it pertains to intentional acts or misconduct of third parties.

The court stated it refused to give Hopkins' proposed instructions on the duty of the School District and foreseeability because the instructions contained language that was argumentative and "inflammatory."

Hopkins reiterated the failure of the court to give an instruction on the duty of the School District and foreseeability would constitute legal error and prevent him from arguing his theory of the case.

> I believe it would be error for this Court to not instruct on the specific duty that's owed by [a] school district. At a minimum, there has to be some kind of instruction that follows the . . . McLeod court . . . .

We cannot argue our case without some kind of instruction about that. I don't see how this is included in the plain negligence standard. Again, this is not a cookie cutter case.

The court noted Hopkins' objection but refused to give an additional instruction on duty or foreseeability. The court ruled Hopkins' theory "can be argued under the instructions that have been given."

By special verdict, the jury found the School District was not negligent. The court entered judgment on the verdict and dismissed the lawsuit.

ANALYSIS

Hopkins contends the court erred in failing to instruct the jury on the special relationship and duty of the School District to use reasonable care to protect a student in its custody from foreseeable harm. The School District asserts the trial court did not err in refusing to give the jury instructions proposed by Hopkins. The School District argues the jury instructions proposed by Hopkins were argumentative, misleading, and incorrect.

We review the decision not to give a jury instruction for abuse of discretion. Fergen v. Sestero, 182 Wn.2d 794, 802, 346 P.3d 708 (2015). A trial court need not " 'give a requested instruction that is erroneous in any respect.' " Crossen v. Skagit County, 100 Wn.2d 355, 360, 669 P.2d 1244 (1983) (quoting Vogel v. Alaska S.S. Co., 69 Wn.2d 497, 503, 419 P.2d 141 (1966)).

However, even if Hopkins' proposed instructions contained more language than was appropriate, we conclude Hopkins preserved his right to challenge the instructions given as legally erroneous. The undisputed record establishes Hopkins objected not only to the refusal to give his proposed instructions, but also to the failure of the court to

7

give a jury instruction on the duty of the School District to protect a student from foreseeable harm.  See Washburn v. City of Federal Way, 178 Wn.2d 732, 748, 310 P.3d 1275 (2013) (Because the City objected not only to the refusal to give its public duty doctrine instruction but also objected to giving proposed instructions, the objection was preserved.); Joyce v. Dep't of Corr., 155 Wn.2d 306, 325, 119 P.3d 825 (2005) (The Department properly objected to legally erroneous jury instructions that prevented the Department from arguing its theory of the case.).

The purpose of CR 51(f) is to apprise the trial judge of the nature and substance of the objection.  Crossen, 100 Wn.2d at 358.  The record shows Hopkins repeatedly cited the leading Washington Supreme Court case on the special relationship and duty of the School District to argue that the court must give an instruction on the duty of the School District and foreseeability.

> School districts owe a duty to protect the pupils in its custody from dangers reasonably to be anticipated—including the foreseeable misconduct of third-parties, like E.E.  Under well-established principles, when a pupil attends a school, he or she is subject to the rules and discipline of the school, and the protective custody of the teachers is substituted for that of the parent[ "to protect the pupils in its custody from dangers reasonably to be anticipated."] . . . McLeod, 42 Wn.2d at 319.

Hopkins repeatedly objected to the failure to give a jury instruction on "the specific duty owed by a public [school] to its student, or the school's duty to protect Mr. Hopkins from the foreseeable misconduct of third parties" as legal error.

We conclude the record establishes Hopkins clearly and unequivocally stated the failure to instruct the jury on the duty of the School District and foreseeability was an error of law.

We review legal errors in jury instructions de novo. Fergen, 182 Wn.2d at 803. Jury instructions are sufficient if the instructions are supported by the evidence; allow each party to argue its theory of the case; are not misleading; and when read as a whole, properly inform the trier of fact of the applicable law. Fergen, 182 Wn.2d at 803; Anfinson v. FedEx Ground Package Sys., Inc., 174 Wn.2d 851, 860, 281 P.3d 289 (2012). If any of these elements is absent, the instruction is erroneous. Anfinson, 174 Wn.2d at 860. If the instruction misstates the law, prejudice is presumed and is grounds for reversal unless the error was harmless. Fergen, 182 Wn.2d at 803.

Well established case law imposes a duty on a school district to exercise reasonable care to protect students in its custody from foreseeable harm. McLeod, 42 Wn.2d at 320; Christensen v. Royal Sch. Dist. No. 160, 156 Wn.2d 62, 70, 124 P.3d 283 (2005).

McLeod identifies two factors that determine the scope of the legal duty of a school district. First, there is the special relationship where the "protective custody of teachers is mandatorily substituted for that of the parent." McLeod, 42 Wn.2d at 319.

> The relationship here in question is that of school district and school child. It is not a voluntary relationship. The child is compelled to attend school. He must yield obedience to school rules and discipline formulated and enforced pursuant to statute. . . . The result is that the protective custody of teachers is mandatorily substituted for that of the parent.
> The duty which this relationship places upon the school district has been stated in the Briscoe case . . . as follows:
>
> "As a correlative of this right on the part of a school district to enforce, as against the pupils, rules and regulations prescribed by the state board of education and the superintendent of public instruction, a duty is imposed by law on the school district to take certain precautions to

protect the pupils in its custody from dangers reasonably to be anticipated."

McLeod, 42 Wn.2d at 319-20 (quoting Briscoe v. Sch. Dist. No. 123, 32 Wn.2d 353, 362, 201 P.2d 697 (1949)). Second, there is "the duty of a school district . . . to anticipate dangers which may reasonably be anticipated, and to then take precautions to protect the pupils in its custody from such dangers." McLeod, 42 Wn.2d at 320. A school district must "exercise such care as an ordinarily reasonable and prudent person would exercise under the same or similar circumstances." Briscoe, 32 Wn.2d at 362.

Below and on appeal, the School District relies on Kok v. Tacoma School District No. 10, 179 Wn. App. 10, 317 P.3d 481 (2013), to argue the trial court properly instructed the jury on the duty of ordinary care to protect students from harm. The School District claims an instruction on the obligation to exercise reasonable care to protect students from harm is an unnecessary elaboration of the duty of ordinary care.

We reject the argument that an instruction on the well established legal scope of the duty of a school district to exercise reasonable care to protect students from foreseeable harm is unnecessary. Nor does Kok support the argument that the court properly instructed the jury using the pattern WPI on negligence and the duty of ordinary care.

McLeod, not Kok, is the leading authority on the duty of a school district. The court in Kok addressed whether there was a genuine issue of material fact on foreseeability. Although foreseeability is "generally a question for the jury," the court concluded reasonable minds could only conclude the student's acts were "not foreseeable by the District," and affirmed summary judgment dismissal of the lawsuit. Kok, 179 Wn. App. at 17-18.

Without citation to authority, the School District argues a jury should not be instructed on foreseeability. That may be true with respect to proximate cause. See WPI 15.01, at 191. It is not true with respect to duty. McLeod makes clear that the duty of a school district to use reasonable care extends only to such risks of harm as are foreseeable. McLeod, 42 Wn.2d at 320; see also J.N. v. Bellingham Sch. Dist. No. 501, 74 Wn. App. 49, 57, 871 P.2d 1106 (1994). To establish foreseeability, the harm sustained must be within a "general field of danger" that should have been anticipated. McLeod, 42 Wn.2d at 321. Acts are foreseeable "only if the district knew or in the exercise of reasonable care should have known of the risk" that resulted in the harm. Peck v. Siau, 65 Wn. App. 285, 293, 827 P.2d 1108 (1992). Thus, in this case, it was essential to instruct the jury on foreseeability.

We hold the court erred in failing to give jury instructions on the special relationship and duty of the School District to exercise reasonable care to protect students from foreseeable harm. Because the instructions given allowed the jury to apply an ordinary negligence standard without regard to the special relationship and duty of the School District, the error was not harmless and prevented Hopkins from arguing his theory of the case. We reverse and remand for a new trial.

Because the dispute over giving a jury instruction on the obligation of the School District to educate a student with disabilities and on contributory negligence will likely arise on remand, we briefly address those instructions.

The propriety of giving a jury instruction is governed by the facts of the case. Fergen, 182 Wn.2d at 803.

The court instructed the jury on the federal and state law requirements to educate special needs students. Jury instruction 17 states:

> Both federal and state laws require public school districts to provide appropriate education to students with disabilities. Both federal and state laws also require that, to the maximum extent appropriate, public school districts must educate children with disabilities in the general education environment.

Hopkins argues the instruction is an improper comment on the evidence and is irrelevant. We disagree. The instruction was not an unconstitutional comment on the evidence. See State v. Brush, 183 Wn.2d 550, 565, 353 P.3d 213 (2015); State v. Becker, 132 Wnh.2d 54, 64, 935 P.2d 1321 (1997). The instruction correctly states the obligation of a school district under state and federal law and is relevant to whether the School District exercised reasonable care.

Hopkins contends that as a matter of law, the Washington Supreme Court decision in Christensen bars a school district from asserting contributory negligence.[3] Below, the parties debated the applicability of Christensen. In Christensen, the court held that as a matter of public policy, "a defense of contributory fault should not be available to the perpetrator of sexual abuse or to a third party that is in a position to control the perpetrator." Christensen, 156 Wn.2d at 70. The opinion makes clear the court is addressing only "a civil action against a school district . . . for sexual abuse" by a teacher; "[t]he act of sexual abuse is key here." Christensen, 156 Wn.2d at 71-72, 69.

Christensen does not support the argument that as a matter of law, a school district may never assert contributory negligence. See Briscoe, 32 Wn.2d at 366. On the other hand, on appeal Hopkins cites a case, Gregoire v. City of Oak Harbor, 170

---

[3] Jury instruction 13 states: "Contributory negligence is negligence on the part of a person claiming injury or damage that is a proximate cause of the injury or damage claimed."

Wn.2d 628, 244 P.3d 924 (2010), which may arguably cut in the opposite direction in this case. We leave it to the trial court on remand to reconcile whether on the facts developed at trial, an instruction on contributory negligence should be given.

We reverse the judgment on the verdict and remand for a new trial.

Schindler, J.

WE CONCUR:

Cox, J.

Becker, J.