Korsmo, J.
¶21 (dissenting) The jury determination that Ms. Hendrickson was the cause of her own injury should be dispositive here. The error in instructing the jury on the school district’s heightened duty of care was harmless in this circumstance.
¶22 I agree with the majority and the recent authority indicating that the plaintiff was entitled to an instruction indicating that the school district had a special relationship to the children in its care. Quynn v. Bellevue Sch. Dist., 195 Wn. App. 627, 383 P.3d 1053 (2016); Hopkins v. Seattle Pub. Sch. Dist. No. 1, 195 Wn. App. 96, 380 P.3d 584, review denied, 186 Wn.2d 1029 (2016). It was error to refuse the requested instruction. That error was meaningless here, though.
¶23 In both Quynn and Hopkins, the jury declined to find the district negligent under the general negligence standard. The error in incorrectly defining the district’s obligations was therefore prejudicial. That is not the case here since the jury concluded that the district’s negligence was not the cause of the injury. Appellant speculates that maybe one of her theories of negligence was not accepted by the jury, but would have been accepted if the jury had been properly instructed. The problem with the argument is that she was able to argue all of her theories to the jury and they concluded that whatever negligence the district committed was not the cause of the plaintiff’s injury. The jury heard every theory of liability Ms. Hendrickson had and determined none of them were the cause of the accident. That should be the end of the case.
¶24 It would be a different story if Ms. Hendrickson had been unable to assert one of her theories due to the lack of the instruction. But that is not the case here. Schools are *256 not insurers of students’ safety. The district here did everything it could to train this young lady to handle the table saw safely. She was no novice, but was quite experienced in the correct methods of operating the saw. It simply is not practical to monitor every student from a few feet away unless you reduce the class size to one or two students. The jury understandably considered, but rejected, any claim that the teacher was not close enough to oversee Ms. Hendrickson’s work. That would not change if the jury had been instructed on the special relationship because it is not possible to monitor every child all of the time. Ms. Hendrickson caused this accident by not operating the saw in accordance with her training.
¶25 I think we should affirm the jury’s verdict.
Reconsideration denied July 27, 2017.
Review granted at 189 Wn.2d 1031 (2018).